ALLEN *et al.*, *Appellants*, v. DEGROODT *et al.*

1.  **Life Tenant:** PURCHASE BY AT SALE UNDER DEED OF TRUST. A life tenant, by buying the land at a foreclosure sale under a deed of trust, cannot defeat the estate of the remainderman.

2.  ——: ——: ADVANCEMENT: PRESUMPTION. Where such life tenant purchaser is the father of the remainderman, it will be presumed that the purchase was intended for the advancement of the remainderman.

3.  **Tax Suit:** LIFE TENANT: REMAINDERMAN. A tax suit, instituted against the life tenant only, will not bind a remainderman holding by an independent title.

4.  ——: THREE YEARS' STATUTE OF LIMITATION. The three years' statute of limitations in reference to tax sales and deeds (2 Wag. Stat., p. 1207, sec. 221) has application only to sales and deeds made by collectors under the former law. *Bartlett v. Kauder*, 97 Mo. 356.

5.  **Life Tenant:** REMAINDERMAN. A remainderman cannot sue for possession during the continuance of the life estate.

*Appeal from Pike Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED AND REMANDED.

*W. G. Hammond, Wm. E. Garvin, John M. Matson* and *Jas. P. Dawson* for appellants.

(1) Had the trustee's deed been valid and passed the entire fee to Marshall S. Allen, the grantee, Marshall S. Allen, as life tenant, would have taken the fee for the benefit of the remaindermen. To take it for his own benefit "would have been such a fraud upon them as the law will not tolerate." *Keith v. Keith*, 80 Mo. 129; *Whitney, Adm'r, v. Salter*, 36 Minn. 103. (2) The defendants derived no title from the pretended tax sale of March 9, 1880. (*a*) Because part of the

taxes for which the judgment was rendered was illegal, no assessment having been made for those years; and no title passes where any part of the tax for which the sale is made is illegal. *Dogan v. Griffin*, 51 Miss. 782; *McLaughlin v. Thompson*, 55 Ill. 249; Marvels on Abst. of Title, pp. 479, 489; *Stetson v. Kempton*, 13 Mass. 272; *Libby v. Burnham*, 15 Mass. 144; Cooley on Taxation (1 Ed.) p. 296. (b) If that sale has any force or effect whatever, it would only give the purchasers a title to these lands for the life of Marshall S. Allen, and not against these plaintiffs, who were not parties to the tax foreclosure. The purchaser at a tax sale takes the interest, and no more, of the defendant in execution in the land so sold. *Vance v. Corrigan*, 78 Mo. 94; *Watt v. Donnell*, 80 Mo. 195. (c) And the title of those not made parties to the tax suit is not affected. *Watt v. Donnell, supra; Ketchum v. Mullinix*, 92 Mo. 118; *Gitchell v. Messner*, 87 Mo. 131; *Boatmen's S. Bk. v. Grewe*, 84 Mo. 477; *Olmstead v. Torsney*, 69 Mo. 400.

*D. A. Ball* and *W. O. Gray* for respondents.

It is not pretended by the plaintiffs that Allen bought the land for any less than it was worth; and, if not, their rights were in no way affected by said conveyance. Under the deed from Betty Parry, Allen had a life estate. The law presumes the good faith of Allen toward his children. Whatever title, if any, his children had by virtue of the deed from Betty Parry, passed by the deed from McQuie to Allen under the sale under the deed of trust given two years prior to the deed to Allen and under which plaintiffs claim as remaindermen. *Prevost v. Gratz*, 6 Wheat. 481; Tiffany & Bullard on Trusts and Trustees, 133.

SHERWOOD, J.—Ejectment for certain lots in the Fifth addition to the city of Louisiana. Betty Parry is

the common source of title, and the plaintiffs are the remaindermen in a conveyance made by Betty Parry in October, 1845, Marshall S. Allen, father of plaintiff J. J. Allen, being created life-tenant by the same instrument. In 1843, Betty Parry had conveyed the land to McQuie, trustee, to secure a debt due McCune, amounting to twelve hundred and seventy dollars, under which deed it was afterwards sold, Marshall S. Allen, life-tenant, being the purchaser, and receiving a deed for the premises in controversy. Years afterwards, in 1880, the land was sold for taxes, and the defendants claim through mesne conveyances, under the purchase at the tax sale. All the deeds aforesaid were duly recorded.

There are three prominent questions in this cause, to be decided. The controlling questions thus referred to are these : (1) The effect of the sale under the deed of trust, the life-tenant being the purchaser and recipient of the deed ; (2) the effect of the tax proceedings and sale, the life-tenant being the only party defendant to the tax judgment, and (3) whether the three years' statute of limitation barred the plaintiffs of their action.

I. Marshall S. Allen, being the life-tenant, occupied such relations towards the remaindermen that he could not deal to his own advantage, and to their disadvantage by buying in the land under the trust deed, and thereby defeat their title and acquire an independent title of his own. "A release of a right made to a particular tenant for life, or *in tail*, shall aid or benefit him or them in the remainder." Co. Litt., secs. 453 and 267b.

Thus it has been ruled, that if a tenant for life, after a sale of the property for taxes has occurred, obtains a release to himself of the right thus acquired, he takes under such release according to his title, and the remaindermen according to theirs. *Varney v. Stevens*, 22 Me. 331. And, if a tenant for life buy in an

outstanding incumbrance upon the estate, it will be presumed, nothing to the contrary thereof appearing, that the purchase was made for the benefit of the reversioner or remainderman, as well as himself. 1 Washb. Real Prop. [5 Ed.] 129; *Whitney v. Slater*, 36 Minn. 103. And it is well established law that if a life-tenant renew a lease, or buy in an incumbrance or the like, the fealty which he owes to the remainderman will convert him into a trustee for the benefit of such remainderman. Bisset Est., 248. Besides, inasmuch as the life-tenant was the father of those who were to take in remainder, at the time he bought in the land at the trustee's sale in 1850, it will be presumed that such purchase was intended as an advancement for his children. Such presumptions as to advancements are constantly indulged where deeds are made directly to children through funds furnished by their fathers, and a similar presumption may well be indulged here.

Taking the foregoing premises as true, whatever title the purchaser acquired at the tax sale did not extend beyond the life estate of Marshall S. Allen.

II.    But there is another reason for announcing the same conclusion :    The tax suit was brought against Marshall S. Allen alone ; the remaindermen were not made parties.    They did not claim under him, but by an independent title, one created by the deed of Betty Parry ; so that the judgment in the tax suit, in any event, bound only the life-tenant, and not the remaindermen.    *Troyer v. Wood*, 96 Mo. 478 ; *Chamberlain v. Blodgett*, 96 Mo. 482.

III.    Now, as to the possession of the defendants under the tax deed, for the period of three years, it has been recently ruled by this court in *Bartlett v. Kauder*, 97 Mo. 356, that the short statute of limitations in reference to tax sales, only applies to sales and deeds made under the old law, by collectors.

IV. Moreover, the statute of limitations cannot apply in this cause for another reason : Service of process herein was had February 16, 1884; Marshall S. Allen died in March, 1881, so that at the time of this ejectment brought, said Allen had not been dead for three years ; and in general the remaindermen cannot sue for possession during the continuance of the life estate.  1 Washb. Real Prop. [5 Ed.] 132.

For these reasons, the judgment will be reversed and the cause remanded with directions to the trial court to enter a judgment for plaintiffs.  All concur; BARCLAY, J., not sitting.

On motion, the judgment was so modified that the cause was remanded for new trial.