MEADS *et al.* v. HUTCHINSON *et al.*, *Appellants.*

Division Two, October 17, 1892.

1. **Mortgage**: FEME COVERT: CONTRACT. A mortgage executed by a husband and wife on the latter's land, though not held to her separate use, to secure a debt of the wife, is valid, although her separate note evidencing the debt is void as a contract, and could not be enforced against her personally.

2. **Mortgage Sale**: EJECTMENT: REDEMPTION. Where the life-owner purchased the land on a mortgage sale and then conveyed the same, the remaindermen cannot maintain ejectment against the purchaser, though the interest obtained under the mortgage sale was subject to their right to redeem by contributing their share to the amount paid.

*Appeal from Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Reversed.

*Kagy & Bremermann* for appellants.

(1) If the property in question was simply the legal estate of Mrs. McFarland, she, by joining her husband, might convey an absolute title thereto. Revised Statutes, 1889, sec. 2396. (2) A mortgage when conforming to the requirements of the statute for the conveyance of her legal estate, made upon property held as her legal estate and to secure her note, is valid, although the note is absolutely void. *Wilcox v. Todd,* 64 Mo. 388; *Thornton v. Bank,* 71 Mo. 221; *Hagerman v. Sutton,* 91 Mo. 519; *Rines v. Mansfield,* 96 Mo. 394. And this is the well-settled rule in many other states. *Kidd v. Conway,* 65 Barb. 158; *Newhart v. Peters,* 80 N. C. 168; *Johnson Co. v. Rugg,* 18 Iowa, 138; *Bank v. Underwood,* 54 Conn. 2; *Lehndorf v. Cope,* 122 Ill. 317; *Ellis v. Kenyon,* 25 Ind. 136; *Van Cott v. Heath,* 9 Wis. 516; *Haffey v. Carey,* 73 Pa. St. 433; 1 Story on Equity, sec. 1399. (3) The note was not essential to the creation of the mortgage lien; the mortgage recites a consideration; the debt became a lien upon the land upon the execution of the mortgage, and even though an action may be barred on the note the lien of the mortgage may be enforced, in the absence of adverse possession, against the land. *Worley v. Dryden,* 57 Mo. 226; *Aull v. Lee,* 161 Mo. 160; *Booker v. Armstrong,* 93 Mo. 49; *Lewis v. Schwenn,* 93 Mo. 26;

*Gardner v. Terry*, 99 Mo. 523; *Benton Co. v. Czarlinsky*, 101 Mo. 275; *Orr v. Rode*, 101 Mo. 387; Tiedeman on Real Property, sec. 310; Jones on Mortgages, sec. 353. (4) The real estate mortgaged, though on the face of the deed it appears to be the legal estate of Mrs. McFarland, was, as a matter of law, her separate estate. She said so in her deed. The notary who took her acknowledgment certifies that she said so at that time. *Klenke v. Koeltze*, 75 Mo. 239; *Wilson v. Albert*, 89 Mo. 537; *Smyth v. Munroe*, 84 N. Y. 354; *Kilbourn v. Brown*, 56 Conn. 150; *Treadwell v. Archer*, 76 N. Y. 196; *Holtz v. Beldin*, 12 Phil. 498; *Howell v. Hale*, 5 La. 405. (5) No special words are necessary to create a separate estate in a married woman. It may be done without the intervention of a trustee. *Martin v. Colburn*, 88 Mo. 229; 3 Pomeroy on Equity, sec. 1103; *Morrison v. Thistle*, 67 Mo. 596; *Bank v. Hamilton*, 34 N. J. Eq. 158; *Turner v. Shaw*, 96 Mo. 22. (6) If this land in controversy was the separate estate of Mrs. McFarland at the time she made the mortgage, then all will agree she could mortgage it, even without joining her husband. *Turner v. Shaw*, 96 Mo. 22. (7) The mortgage deed upon its face shows that the real estate described therein was the separate estate of Mrs. McFarland. This makes a *prima facie* case, and not a scintilla of evidence is offered to overthrow the case thus made. *Kilbourn v. Brown*, 56 Conn. 150. (8) We do not say that Mrs. McFarland, being a married woman, would be bound by the doctrine of estoppel, in its ordinary sense, as to her legal estate, but we do say that we have made a *prima facie* case that this was her separate estate, and if so then she is a *feme sole* as to it and the doctrine of estoppel does apply. *Rannells v. Gerner*, 80 Mo. 474; *Martin v. Colburn*, 88 Mo. 229; *Turner v. Shaw*, 96 Mo. 22. (9) Though the general rule is that a married woman is not estopped, this rule

does not license her to commit a fraud. Her acts and representations, made to deceive others, and which do deceive others to their injury, will preclude her from asserting her claim against those who have acted on her representations and admissions. *Read v. Hall*, 57 N. H. 482; *Hammond v. Corbett*, 51 N. H. 311; *Nixon v. Halley*, 78 Ill. 611; *Allen v. Allen*, 118 Mass. 402; *O'Brien v. Hilburn*, 9 Tex. 297.

*C. O. Tichenor* also for appellants.

(1) It is true that, if a woman executes a mortgage upon her separate property to secure a debt of her husband, her property is in the position of a surety. Brandt on Suretyship & Guaranties, sec. 20. But this does not make the sale to the principal a nullity. It gives a right to redeem. The trustee has the right to sell, for the debt is due, and in making the sale the terms of the deed of trust are complied with. The fault is as to the vendee. But whether her property is in such a position or not is a question of fact, and it must be affirmatively established. *Gahn v. Niemcenick*, 11 Wend. 312; s. c., 3 Paige, 651. (2) It may be shown by parol that she received the money, or that it was obtained for the benefit of her estate. *Spear v. Ward*, 20 Cal. 675; *Dickinson v. Codwise*, 1 Sandf. Ch. 214. (3) Where the admission in the consideration clause shows that she received the money, it negatives the idea of other recitals which go to show that she executed the deed of trust as a surety. *Spear v. Ward*, *supra*. (4) The recitals in the mortgage in controversy show that it was not a surety for her husband's debt. *Gardiner v. Gardiner*, 27 Wend. 528. (5) The husband had the right to purchase at the sale under the deed of trust to protect himself against the debt for which he was incidentally liable, and especially if his wife and heirs had the right to redeem.

*J. W. Coburn* and *Sherry & Hughes* for respondents.

(1) Appellants admit that the note herein is absolutely void. (2) The note is the principal, the mortgage is the accessory. When the note is paid the mortgage is discharged. *Boles v. Wade,* 3 Green's Ch. (4 N. J. Eq.) 460. The mortgage is but an incident, attached to the debt, and cannot be detached from the principal. *Jackson v. Willard,* 4 Johns. Rep. 43; *Jackson v. Blodgett,* 5 Cow. 206; *Hagerman v. Sutton,* 91 Mo. 519; *Mayes v. Robinson,* 93 Mo. 114. The mortgage is collateral to the note, the one is the principal and the other is the incident; when the note is void, the mortgage is void also and cannot be foreclosed. 1 Jones on Mortgages [3 Ed.] sec. 110, p. 84; *Bingham v. Potter,* 14 Gray (Mass.) 522; *Deveny v. Dana,* 2 Cush. (Mass.) 160. In an action brought by a mortgagee on a mortgage given to secure a note the defendant may show the same matters in defense that he might show if the action was on the note. 1 Jones on Mortgages [3 Ed.] sec. 110, p. 84; *Vinton v. King,* 4 Allen (Mass.) 562. (3) A mortgage, like every other contract, must be founded on a sufficient consideration. 1 Jones on Mortgages [3 Ed.] sec. 610, p. 481. It is essential that the mortgage should secure the payment of some debt. Secs. 70, 72. (4) During the life of Sue B. McFarland, her husband, Houston McFarland, had the right to the possession of the land in controversy, and at her death became a tenant for life by curtesy. At the mortgagee's sale he became the purchaser of the land. Redemption by husband of lien on wife's land merely preserves the estate to the wife. 2 Bishop on Married Women [1 Ed.] sec. 292, p. 253; *Swisshelm's Appeal,* 6 Smith (Pa. St.) 475; *Young v. Adams,* 14 B. Mon. (Ky.) 127. (5) The

note secured by the mortgage herein was dated June 3, 1872. The alleged separate estate of Sue B. McFarland was not acquired until June 25, 1872. The mortgage was not given until June 28, 1872. The promissory note of a married woman not possessed of a separate estate at the time she executed it is a nullity. *Bank v. Collins,* 75 Mo. 280; *Music v. Dodson,* 76 Mo. 625; *State ex rel. v. Keevil,* 17 Mo. App. 144. (6) The quality of the estate conveyed to a married woman must be determined by the deed vesting title in her; and if it contain no words excluding the marital rights of the husband, and apt to describe a separate estate, it is not separate property. *Klenke v. Koeltze,* 75 Mo. 243; *Martin v. Colburn,* 88 Mo. 230; *Allen v. DeGroodt,* 98 Mo. 160; *Powell v. Scott,* 43 Mo. App. 206. (7) The contract of a married woman is not made valid by the fact that she represented herself to be single at the time she gave it, and thereby obtained the consideration upon which it was given. *Keen v. Coleman,* 39 Pa. 299; *Klien v. Caldwell,* 91 Pa. St. 140; *Cupp v. Campbell,* 103 Ind. 213. (8) The recitals in a deed by a married woman do not estop her or those claiming under her. *Crenshaw v. Creek,* 52 Mo. 98; *Rannells v. Gerner,* 80 Mo. 483; *Hord v. Taubman,* 79 Mo. 101; *Meier v. Blume,* 80 Mo. 179; *Mueller v. Kaessman,* 84 Mo. 323. (9) Only party to whom false representation is made can claim estoppel. *Bank v. Todd,* 47 Conn. 190; *Mayenburg v. Haynes,* 50 N. Y. 675; *Durant v. Pratt,* 55 Vt. 270.

MACFARLANE, J.—Action of ejectment commenced August 1, 1888. Petition in the usual form and answer a general denial. The land plaintiffs seek to recover is lot 11 and eight and one-half feet off the south side of lot 12, block 16, Peery Place, in Kansas City. They claim title as heirs-at-law of Sue B. McFarland. George

G. Rounds, the common source of title, on the twenty-fifth of June, 1872, conveyed the land to Sue B. McFarland, then wife of Houston McFarland, by deed of general warranty. This deed created no separate estate in the grantee. On June 3, 1872, the said Sue B. McFarland alone executed and delivered to John E. McFarland a note for $450, and on June 28, 1872, she and her husband executed and delivered to the said John E. McFarland a deed of mortgage conveying to him said land. This deed recited that it was made "for and in consideration of the sum of $450, to us in hand paid by John E. McFarland," and was conditioned that "if the said Sue B. McFarland, her executors and administrators shall pay the sum specified in said note and all the interest that may be due thereon," then the conveyance to be void. In default of payment power was given the mortgagee to sell and convey the property.

Sue B. McFarland died on March 8, 1877, leaving her husband, Houston McFarland, and her two children, then minors, Maggie, who married Arthur C. Meads, and Mary, who married Clinton Cockrill. This suit was commenced in the name of these children.

On June 13, 1878, after the death of Sue B. McFarland, John E. McFarland sold the land under the power of sale contained in said mortgage, complying with all the terms and conditions of the deed. The said Houston McFarland bought the same, to whom a deed of conveyance, in due form, was made. Houston McFarland conveyed to the grantors of defendants.

Houston McFarland died in 1888 and Maggie Meads has died since the institution of this suit, leaving her coplaintiff her sole heir-at-law.

Upon the trial the court refused to admit in evidence the said mortgage, refused all declarations of

law asked by defendants giving effect to the mortgage and the sale thereunder, and upon the evidence found for the plaintiffs, and judgment was rendered accordingly, from which the defendants appealed.

It will be seen that the correctness of the judgment of the circuit court depends upon the legal effect to be given to this mortgage and to the deed of the mortgagee to Houston McFarland.

I.   Under our statute concerning the conveyance of real estate (sec. 2396), a married woman, when all the conditions of the statute have been complied with, has as complete and unlimited power to pass the title to her real estate by deed as one under no disability whatever. She will be estopped by her covenants "so far as may be necessary effectually to convey from her and her heirs all right, title and interest expressed to be conveyed therein." So it has been held by a number of decisions of this court, some of them quite recent, that a married woman, when conforming to the requirements of the statute, has the unquestioned power to make a valid mortgage upon her real estate which is not held to her separate use, though the debt or liability secured thereby is that of her husband. *Wilcox v. Todd*, 64 Mo. 388; *Thornton v. Bank*, 71 Mo. 221; *Hagerman v. Sutton*, 91 Mo. 519; *Rines v. Mansfield*, 96 Mo. 394; *Ferguson v. Soden, ante*, p. 208.

While it is conceded by plaintiffs that Mrs. McFarland had the power, under the statute, to convey her real estate by mortgage, it is insisted that the validity of a mortgage depends entirely upon the validity of the debt it was given to secure, and it appearing, upon the face of this mortgage, that it was intended for the security of a note of a married woman, which was absolutely void, the deed for that reason was also void, and neither passed the title to the mortgagee nor gave him power to sell and convey.

We think it undoubtedly true as contended that a mortgage is merely collateral to the debt it is intended to secure, and if there is no debt there can be no valid mortgage, and when the debt is paid the mortgage is satisfied and cannot be enforced, yet we are not willing to concede that this mortgage shows upon its face that the debt it purports to secure is invalid. It is true the note made by Mrs. McFarland, which is copied into the deed, is void as a contract and could not be enforced against her personally; but we think it very apparent from the whole instrument that she had received from the mortgagee the sum of money named in the note, and was indebted to him to that amount. To secure that debt she had the undoubted power to make the mortgage, and the fact that the indebtedness was evidenced by a promissory note should not defeat her honest purpose to secure it. 2 Bishop on Married Women, sec. 305; Tiedeman on Real Property, sec. 310, and cases cited in each; *Brant v. Robertson*, 16 Mo. 143.

We can see no reason for doubting the validity of this deed. The statute expressly authorizes a married woman to sell and convey her real property and this deed is executed according to the mode thereby prescribed, and should be a decisive answer to the objection urged against it. The power given a married woman to sell and convey her real estate implies the power to impose conditions and defeasances, and to authorize the grantee in a mortgage to sell and convey upon such terms as she may see fit to impose. These powers necessarily accompany the unlimited right of disposal.

It is agreed that the sale and conveyance of this real estate by the mortgagee was regular and in conformity to the powers and conditions granted him under the mortgage. The sale then undoubtedly

passed the legal title to the purchaser under whom, by regular mesne conveyances, defendants are in possession. A plaintiff in ejectment must recover on the strength of his own title, and the legal title to this property being in defendants there can be no recovery in this form of action.

II. It is insisted that the purchase by Houston McFarland, husband of Sue B. McFarland, at mortgagee's sale, had the effect of satisfying and discharging the debt of his wife, and the debt being satisfied nothing passed by the deed. In answer to that we may say that whatever may have been the effect of the purchase by the husband the deed passed to him the legal title to the property, and so long as that is held by defendants there can be no recovery in ejectment.

At the time of this purchase under sale by the mortgagee, the [husband, as tenant by the curtesy, held a life-estate in this property subject to the mortgage, the heirs of the deceased wife holding the reversion. No such confidential relations existed between the tenant for life and remaindermen as prevented the former from purchasing at the mortgagee's sale. The relation of husband and wife did not then exist, as in case of *Hickman v. Link*, 97 Mo. 482. We think the rule adopted in the late case of *Allen v. DeGroodt*, 105 Mo. 442, applies directly to this case. It was there held that if a life-tenant purchase an incumbrance on the property such purchase will be deemed to have been made for the benefit of himself and those in remainder, if the remaindermen see fit to pay their share, and that the same rule would apply to a tenant for life purchasing the commor property under mortgage or deed of trust, the title would be held by him subject to the right of the remaindermen to come in and obtain the benefit of the purchase by contributing their share of the purchase price. The title to the property here in

controversy remains in defendants, and plaintiffs under the equitable rule declared in the *De Groodt case, supra,* are not entitled to avail themselves of it until they have done what equity requires of them.

Under the evidence in this ejectment suit the judgment should have been for defendants. Judgment reversed. All concur.