Cockrill v. Hutchinson.

---

COCKRILL et al., Appellants, v. HUTCHINSON et al

Division Two, June 16, 1896.

1. **Separate Estate**: MORTGAGE: RECITALS. Recitals in a mortgage executed by a wife, jointly with her husband, and also in her acknowledgment, that the land is her separate estate do not create such separate estate.

Cockrill v. Hutchinson.

2. ——: ———: WIFE: NOTE. A joint mortgage by husband and wife of land not held as her separate estate is valid though given to secure a note of the wife which is void because of her coverture.

3. **Mortgage:** FORECLOSURE SALE: LIFE TENANT: REMAINDER-MEN. The purchase of land, at a mortgage foreclosure sale, by a life tenant will be deemed to have been made for the benefit of the remainder-men if they contribute their proportion of the purchase money within a reasonable time thereafter.

4. ——: ———: ———: ———. Such right on the part of the remainder-men will be denied after a lapse of years, and after the property has been improved, and has greatly increased in value.

5. **Married Woman:** DEED: RECITALS. Recitals in a deed executed by a married woman do not create an estoppel against her or those claiming under her.

6. **Pleading:** ESTOPPEL IN PAIS. An estoppel *in pais* must be specially pleaded to be available as a defense.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*James W. Coburn* and *Roland Hughes* for appellants.

(1) The quality of the estate conveyed to a married woman must be determined by the deed vesting title in her; and if it contain no words excluding the marital rights of the husband and apt to describe a separate estate, it is not separate property. *Paul v. Leavitt,* 53 Mo. 595; *Klenke v. Koeltze,* 75 Mo. 243; *Martin v. Colburn,* 88 Mo. 230; *Lakeman v. McIlhaney,* 17 Mo. App. 413; *Allen v. DeGroodt,* 98 Mo. 160; *Nicholson v. Flynn,* 24 Mo. App. 571; *Powell v. Scott,* 43 Mo. App. 206. (2) Even if the property was her separate estate her husband would have his curtesy just as if it was not separate estate. *McTigue v. McTigue,* 116 Mo. 138. (3) The note given by Mrs. McFarland was void as she had no separate estate; and the signature of Houston

McFarland to the mortgage given and signed by his wife gave it validity and made it his debt. (4) It is a general rule that a tenant in common can not purchase an outstanding title or incumbrance on the common property and then set it up as against his covenants. *Allen v. DeGroodt*, 105 Mo. 452; *Jones v. Stanton*, 11 Mo. 433; *Hickman v. Link*, 97 Mo. 494; *Picot v. Page*, 26 Mo. 398. (5) "And these rules apply as between a tenant for life in possession and a remainder-man, so that a purchase of an incumbrance will be deemed to have been made for the benefit of himself and those in remainder, if the remainder-men see fit to pay their share." *Allen v. DeGroodt*, 105 Mo. 452. (6) The tenant of a life estate, who has made permanent and valuable improvements, has no claim for reimbursement on the remainder-men. *Wilson v. Parker*, 14 So. Rep. 264. (7) Purchasers from one who was charged with a trust in favor of her heirs, are not entitled to charge the land for money paid by them for permanent improvements and for taxes, since they are in no better position than their grantor, who, as a tenant for life, was obliged to pay the taxes, and had no right to charge the reversionary estate with the cost of improvements. *Hagan v. Varney*, 35 N. E. Rep. 219. (8) Section 4645, Revised Statutes, 1889, provides that an occupying claimant can only recover for improvements made in good faith and prior to notice of an adverse title. Defendant's evidence admits such notice. The terms "without notice" and "in good faith" are equivalent. *Coover v. Johnson*, 86 Mo. 540; *Lee v. Bowman*, 55 Mo. 400. Notice and good faith can not coexist. Notice in this connection, does not mean direct and positive information, but anything calculated to put a man of ordinary prudence on the alert, is notice. *Lee v. Bowman*, 55 Mo. 403; *Brown v. Baldwin*, 121 Mo. 114.

*Kagy & Bremermann* for respondents.

(1) That the note though void does not affect the validity of the mortgage made to secure it, when conforming to the requirements of the law relating to the conveyance of legal estate of a married woman, is no longer an open question in this jurisdiction. *Wilcox v. Todd*, 64 Mo. 388; *Thornton v. Bank*, 71 Mo. 221; *Hagerman v. Sutton*, 91 Mo. 519; *Brandt v. Robertson*, 16 Mo. 143; *Rines v. Mansfield*, 96 Mo. 394; *Meads v. Hutchinson*, 111 Mo. 520; *Ferguson v. Soden*, 111 Mo. 208. (2) The real estate mortgage was, as a matter of law, the separate property of Mrs. McFarland. She said so in her deed and the notary who took her acknowledgment said she so declared before him and to this he certifies in his certificate. *Klenke v. Koeltze*, 75 Mo. 239; *Brandt v. Robertson*, 16 Mo. 143; *Smith v. Munroe*, 84 N. Y. 354; *Kilbourn v. Brown*, 56 Conn. 150; *Treadwell v. Archer*, 76 N. Y. 189. (3) These are solemn declarations made by her as to the character of her interests in the land upon which subsequent purchasers had a right to and did rely, and it does not lie in the mouth of her heir to say that these solemn declarations were not true. Greenleafs' Eq. [14 Ed.], sec. 211, p. 273; *McCullough v. Wilson*, 21 Pa. St. 438; *Smith v. Munroe*, 84 N. Y. 354; Bigelow on Estoppel, sec. 443. (4) Though the general rule is that a married woman is not estopped by matters *in pais* this does not license her to commit a fraud to the injury of others. Her acts and representations, made to deceive others, and which do deceive others to their injury, will preclude her from asserting her claim against those who have acted on her representation and admissions. *Reed v. Hall*, 57 N. H. 482; *Hammond v. Corbett*, 51 N. H. 311; *Nixon v. Halley*, 78 Ill. 611; *Allen v. Allen*,

108 Mass. 402; *O'Brien v. Hilburn*, 9 Texas, 297. (5) "In case of estoppels by deed, the parties transact the whole business themselves and agree between themselves upon the facts that shall thenceforward be unquestioned." This she did. Big. on Estop. [4 Ed.], p. 320. (6) If appellant ever had any claim on this property she has lost it by her laches. *Burgess v. Railroad*, 99 Mo. 508; *Schradski v. Albright*, 93 Mo. 93; *Kline v. Vogel*, 90 Mo. 248; *Stamper v. Roberts*, 90 Mo. 688; *Reel v. Ewing*, 71 Mo. 29; *Ferguson v. Soden*, 111 Mo. 208.

BURGESS, J.—On the third day of June, 1872, Houston McFarland and Sue B. McFarland were husband and wife, living together as such at Weston, Platte county, Missouri. On that day she borrowed from one John E. McFarland the sum of $450, for which she executed her personal note payable in three, years from its date with interest at ten per cent per annum. On the twenty-fifth day of June, 1872, Sue B. McFarland purchased from George G. Rounds the land in controversy and received a deed therefor conveying to her the fee simple title thereto. On June 28, 1872, she mortgaged said property, her husband joining with her, to John E. McFarland to secure the payment of said note. By the mortgage, power of sale was vested in the mortgagee, John E. McFarland.

There is recited on the face of the mortgage with respect to the land the following, to wit: "The same being the sole and separate estate of the said Sue B. McFarland." And in the certificate of acknowledgment the following, to wit: "And the said Sue B. McFarland, being by me first made acquainted with the contents of said instrument, upon an examination separate and apart from her said husband, acknowledged that she executed the same freely and without fear,

compulsion, or undue influence of her said husband, and desires to convey her separate estate therein.''

There were born to Houston McFarland and wife two children only, Mary and Maggie, who were fourteen and sixteen years of age, respectively, in 1872. On March 8, 1877, Sue B. McFarland died, leaving her husband tenant by the curtesy and said daughters surviving her, her only heirs at law.

On June 13, 1878, John E. McFarland, the mortgagee in said mortgage deed, sold said property under the power of sale therein contained authorizing him to sell, at which sale Houston McFarland became the purchaser at the price of $300, and on said day he received a deed for said land from said mortgagee. On September 6, 1879, Houston McFarland conveyed said land to Charles A. Hazen, who, on February 15, 1887, conveyed the land to the defendant, M. W. Hutchinson. Houston McFarland died June 8, 1888.

Maggie McFarland married Arthur G. Meads and died prior to the institution of this suit without having issue born alive, leaving her sister, Mary F. Cockrill, who intermarried with C. B. Cockrill, her only heir at law.

When Hutchinson bought the property he had no knowledge of any claim by plaintiffs thereto. It was then practically vacant, no improvements being on it except a house of but little value. Since then he has put lasting and valuable improvements thereon, of the aggregate value of about $10,000.

On the thirty-first day of December, 1892, plaintiffs instituted this suit to redeem from the sale under said mortgage, on the ground that the title acquired by Houston McFarland by virtue of his purchase and deed under said mortgage sale was for the benefit of himself and his two daughters then living, he being tenant for life in possession, and his daughters remainder-men.

The court below dismissed the bill, and rendered final judgment against plaintiffs in favor of defendants for costs. From the judgment plaintiffs appealed.

There is nothing in the deed from Rounds to Mrs. McFarland, which can be construed as creating in her a separate estate to the land in question; nor is any such contention made by defendants. Nor could she by any act of her own, or by any statement made in the mortgage, create a separate estate in the land in herself. The same is true with respect of the recital in the certificate of acknowledgment to the mortgage in which it is stated, "and she desires to convey her separate estate therein," that is, in the mortgage. Such recitals were inoperative to create a separate estate in her.

At the time she executed the note to John E. McFarland she did not own the land, nor does it appear that she owned any separate property; but notwithstanding such was the case, the subsequent acquirement by her by purchase of the land, the mortgage executed by her and her husband Houston McFarland thereon, to secure the payment of her debt, was a valid and binding mortgage. It has been repeatedly held by this court, that a mortgage executed by a married woman, her husband joining with her, although on land not her separate estate, is valid and binding, notwithstanding the note, the payment of which is secured by the mortgage, is void because of her coverture. *Comings v. Leedy*, 114 Mo. 454; *Hagerman v. Sutton*, 91 Mo. 519; *Wilcox v. Todd*, 64 Mo. 388; *Meads v. Hutchinson*, 111 Mo. 620.

The effect of the sale under the mortgage, the purchase by Houston McFarland of the land at the sale, and the execution of the deed to him by the mortgagee was to pass the legal title of the land to said McFarland, and the purchase by him must be deemed to have been

made for the benefit of himself, and the remainder-men, if the latter had seen fit to pay their share of the purchase money within a reasonable length of time thereafter.

Thus in 1 Washburn, Real Property [5 Ed.], 129, it is said:  "If a tenant for life purchase in an outstanding incumbrance upon an estate, it is regarded as having been done for the benefit of the reversioner as well as himself, if the latter will contribute his proportion of the sum paid therefor."   *Allen v. DeGroodt*, 105 Mo. 442; *Meads v. Hutchinson, supra; Hinters v. Hinters*, 114 Mo. 26; *Dillinger v. Kelley*, 84 Mo. 561.

It follows from what has been said that the plaintiff Mrs. Cockrill has the right to redeem from the mortgagee's sale, unless she is estopped from so doing by reason of the recitals in the mortgage, and the certificate of acknowledgment heretofore quoted, or she has forfeited her right to redeem by reason of her own laches, or that she should not be permitted to do so against defendants who claim to be innocent purchasers in good faith without any notice of her equity, if any she had.   Of these in their order.

While it is conceded by defendants that as a general rule a married woman is not estopped by matters *in pais*, it is contended that this does not license her to commit a fraud to the injury of others, and that her acts and representations which do deceive others to their injury will preclude her from asserting her claim against those who have acted on her representations and admissions.

We have already said that Mrs. McFarland did not own a separate estate in the land in question.   Therefore she was not estopped, nor is plaintiff who claims under her estopped, by the recitals in the mortgage from claiming the land.   It has been held that recitals in a deed made by a married woman do not estop her or

those claiming under her. *Crenshaw v. Creek*, 52 Mo. 98; *Hempstead v. Easton*, 33 Mo. 142. Moreover, estoppel is not pleaded in the answer, which is absolutely necessary when relied upon *in pais* as a defense. *Throckmorton v. Pence*, 121 Mo. 50, and authorities cited.

The legal title to the land passed to Houston McFarland by the mortgagee's deed of June 13, 1878 (*Meads v. Hutchinson, supra*), at which time the cause of action of plaintiff and her sister Maggie accrued. One of them was then about twenty, and the other about twenty-two years of age, both of legal capacity to sue (section 1, page 466, Genl. Statutes, 1865), yet this suit was not instituted for about fourteen years thereafter, to wit, December 31, 1892. Since Hutchinson's purchase of the property he has greatly improved it and its value has largely increased. Would it be equitable to allow plaintiff who has for so long a time slept upon her rights to now come in and redeem the property by paying a part, or even all, of the purchase money, with interest, paid for it by her father at the mortgagee's sale, and wrest it from defendants who purchased it, and have improved it, in good faith.

It is true that from August 1, 1881, to October, 1892, there was an action pending for the possession of the land in which plaintiff and her sister Maggie were plaintiffs, against these same defendants, but even that does not impress us with the justness of plaintiff's claim or relieve it of the unfavorable impression that its staleness is calculated to create upon a court of equity.

In *Mandeville v. Solomon*, 39 Cal. 125, it is said: "Equity does not deny to a tenant in common the right to purchase in an outstanding or adverse claim to the common property; it, however, deals with the tenants after such a purchase is made. While it will not permit one of them to acquire such a title solely for his

own benefit, or to the absolute exclusion of the other, it at the same time exacts of that other the exercise of reasonable diligence in making his election to participate in the benefit of the new acquisition; and having, upon its own principles of fair dealing, compelled the purchasing tenant to allow his cotenant this opportunity, the latter will not be permitted to equivocate or trifle with the position thus afforded him, or to make it a means of speculation for himself, by delaying, until the rise of the land, or some event yet in the future, shall determine his course. Unless he make his election to participate within a reasonable time, and contribute or offer to contribute his ratio of the consideration actually paid, he will be deemed to have repudiated the transaction and abandoned its benefits.'' See note to *Keech v. Sandford*, 1 Wh. & T. Lead. Cas. in Eq., p. 70; *Lee v. Fox*, 6 Dana, 176; *Weaver v. Wible*, 25 Pa. St. 270; *Lloyd v. Lynch*, 28 Pa. St. 419.

The application of this just rule must be invoked in this case, and when this shall have been done is decisive thereof. After plaintiff has for so long slept upon her rights, without any manifestation of a desire to share the burdens of the purchase by her father at the mortgagee's sale, and thereby avail herself of its possible benefits, until the property has been improved and greatly enhanced in value, it would be inequitable to now permit her to do so. We therefore affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.