# MARCH, 1930.

GRACE ROBINSON, RESPONDENT, v. COMMONWEALTH CASUALTY COMPANY, APPELLANT.

Kansas City Court of Appeals.   April 7, 1930.

*Reiger & Reiger* and *Murrell & Murrell* for respondent.

*J. M. Campbell* and *M. D. Campbell* for appellant.

BLAND, J.—This is a suit on a policy of accident and health insurance. The case was tried before the court without the aid of a jury, resulting in a verdict in favor of the plaintiff in the sum of $150. Defendant has appealed.

The policy first provides for accident insurance and thereafter covers "the effects of sickness." The provision in reference to sickness recites that if plaintiff should be continuously confined within the house, not leaving it any time for any purpose, and regularly visited therein at least once every seven days by a licensed physician, and be wholly prevented from transacting any and every kind of business, solely by lobar pneumonia or certain other sicknesses and

diseases "not including their complications and consequences," a weekly indemnity of $25 would be paid after the first seven days.

Plaintiff was sick with influenza from about January 15 to February 1, 1927. She then developed lobar pneumonia. Her physician testified that the active period of the infection of the pneumonia was twelve days. The evidence shows that plaintiff's sickness after said twelve days covered the period of her recuperation, which period lasted until March 25, 1927. Upon plaintiff becoming ill on January 15th she was confined to the house about one week. She was then taken to the hospital where she remained about three weeks. Thereupon she was taken home where she remained confined to her house, and in bed a greater part of the time, and was unable to transact any business. While in the hospital her physician attended her every day and while at home he treated her several times every week.

Seizing upon the testimony of the physician that the active period of the pneumonia infection was twelve days, defendant claims that the period of recuperation thereafter was merely a consequence of the pneumonia; that as the policy did not include complications and consequences of such a disease, plaintiff is entitled to recover for a period of only five days, there being no indemnity for the first seven days of her illness from pneumonia, at the rate of $25 per week. This amount was tendered to plaintiff by defendant prior to the institution of this suit. We are not impressed with this contention. Webster states that the synonym for the word "consequence" is "result." In Munroe v. Hartford St. Ry. Co., 56 Atl. 498, 501 (Conn.), it is stated: " 'Cause' and 'consequence' are correlative terms. One implies the other. When an event is followed in natural sequence by a result it is adapted to produce or aid in producing, that result is a consequence of the event, and the event is the cause of the result." Corpus Juris, citing the Standard Dictionary, defines complications as "anything that complicates or causes difficulty, embarrassment, or intricacy, as a disease coexisting with another disease and rendering it difficult of treatment." [12 C. J., p. 246.] Whatever the medical understanding may be relative to the period of the running of a specific illness or disease, the layman understands that the illness lasts from the time of its inception until the individual recovers, which includes the period of recuperation. The period of recuperation is not a result of the sickness but a part of it. A result of a sickness would be some consequence of the illness separate and distinct from the illness itself. For instance meningitis has been known to produce curvature of the spine and the withering of the lower limbs. The curvature or withering would be a result of the disease. Deafness has been known to result from catarrh, but would not be classed as a part of the disease of catarrh.

An instance of a result or consequence of a sickness is found in the case of Kearns v. North American Life & Cas. Co., 185 N. W. 659 (Minn.). In that case it was held that rheumatism or neuritis developing from an infected finger causing an abscess under plaintiff's armpit. were the consequences and not a complication of the infection which was her original ailment. An ordinary layman would not make any distinction between the period of infection in an illness and the period of recuperation after the infection had ceased. Such a distinction, if there be any, is purely medical.

If words used in a policy are susceptible of two meanings, that which is most favorable to the insured will be allowed by the court. [Block v. Ins. Co., 316 Mo. 278.] If there is one understanding from the medical standpoint to be gleaned from the policy and another from the layman's standpoint, the latter will control, providing the layman's understanding of the meaning is the more favorable to the insured, unless it clearly appears from the policy that the language therein is used in a medical sense. [Berlau v. Met. Life Ins. Co., No. 16832, decided by this court but not yet reported.]

Having arrived at this conclusion it is unnecessary for us to discuss the effect of the use of the conjunction "and" in the exclusion clause of the policy reading "including their complications *and* consequences."

Objection is made by defendant to the refusal of the court of certain of its declarations, but it is apparent from reading the declarations that the court tried the case on the right theory. As to defendant's declaration No. 2, there being no evidence that plaintiff suffered from any disability which was caused as a consequence or complication of pneumonia, it was properly refused.

It is claimed that the verdict is excessive for the reason that plaintiff is not entitled to recover for any period of disability prior to February 7th, which date was seven days after pneumonia developed; that the petition alleges that she became sick with pneumonia on January 15th and that such illness continued for a period of eight weeks; that this period of eight weeks mentioned in the petition expired and ended four weeks and five days after February 7th, whereas, the court allowed her for six weeks disability. Consequently, it is insisted that the verdict is excessive. The testimony relative to plaintiff's illness was unobjected to and there was ample testimony tending to show that she was confined to her house and treated by her physician until March 25, 1927. In other words the evidence shows that she was sick for a period covered by the policy, allowing her indemnity for more than six weeks. Assuming that she was not entitled to any indemnity until February 7th, the evidence in question having been unobjected to, we are required to hold that the case was tried upon the theory that the petition was broad

enough to allow recovery for disability until March 25, 1927. As the other facts and circumstances warranted such a recovery, the contention of defendant that the verdict is excessive will be disallowed. [Hart Realty Co. v. Ryan, 218 S. W. 412; Kinney v. Kinney, 231 S. W. 267; Lee v. Mo. St. Life Ins. Co., 261 S. W. 82; D'Wolf v. Stix-Baer & Fuller Dry Goods Co., 273 S. W. 172, 176; Mellor v. The Mo. Pac. Ry. Co., 105 Mo. 455; Menefee v. Diggs, 186 Mo. App. 659.] Of course, the petition could have been amended so as to cover the period for which recovery was allowed by the trial court. It could have been so amended even after judgment (Sec. 1277, R. S. 1919) and under all of the circumstances the petition will be treated in this court as having been amended. [Machinery Co. v. Bottling Co., 273 Mo. 142; Lamb v. St. Louis Cable & Western Ry. Co., 33 Mo. App. 489.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.