OLLIE C. SOUDERS v. CLARA KITCHENS and MARY JOST, Appellants.—
137 S. W. (2d) 501.

Division One, March 6, 1940.

*Edward D. Summers* for defendants-appellants.

*G. C. Beckham* and *L. H. Breuer* for respondent.

DOUGLAS, J.—This is an action to quiet title to real estate which is here for the second time. At the first trial below the plaintiff's demurrer to the defendants' answer was sustained and the defendants brought the case here on writ of error. We reversed that judgment and remanded the case for trial. [Souders v. Kitchens, 344 Mo. 18, 124 S. W. (2d) 1137.]

In August, 1886, Sarah E. Tyree died leaving the real estate here involved to her married daughter Louisa Tyree Souders, on condition that she make certain payments. The defendants Clara Souders Kitchens and Mary Souders Jost are the daughters of Louisa and Jacob Souders. On November 15, 1886, Louisa and her husband Jacob Souders placed a deed of trust on the property to secure the payment of $350. In 1892 Louisa died leaving surviving her only her husband and her two daughters, the defendants, who were minors. A little more than a year later the property was foreclosed and on the same day was conveyed to Jacob Souders, the widower. The plaintiff claims the property through mesne conveyances and alleges undisputed possession for forty-two years.

The trial court, in its decree, found that the conditions, imposed on Louisa Souders by her mother's will under which she was to make certain payments, were fulfilled with the money borrowed on the deed of trust and that such debt was a primary obligation on the land and not in effect a personal, direct debt of Jacob Souders. Therefore, the court further found, there was an obligation on the part of the defendants to contribute their proportionate amount of the purchase price at the foreclosure within a reasonable time which was neither done nor was then offered. The court also found that the property had been improved by the plaintiff and those under whom he claims and that the defendants had knowledge of such improvements at the time they were made. Its decree vested

title in the plaintiff, found that the defendants had no interest in the property and barred them from asserting any.

In our previous opinion we found that upon the death of Louisa Souders her widower, Jacob, became a life tenant of the land by curtesy, which then existed, with the remander vested in her two daughters, the defendants.

A life tenant owes to the remaindermen the duty of preserving and protecting the remainder, his relationship to the remaindermen being in a sense that of a fiduciary. [Duffley v. McCaskey, 345 Mo. 550, 134 S. W. (2d) 62.] He will not be permitted to purchase and hold property as his own where he has a duty to perform in relation thereto inconsistent with his position as a purchaser on his own account. [Tuggles v. Callison, 143 Mo. 527, 45 S. W. 291.] If the debt secured by the deed of trust was his debt, then the purchase upon foreclosure would ordinarily be construed to be simply the payment thereof. And the life tenant cannot escape such a consequence by the artifice of purchasing the property through an intermediary.

The issue in this appeal has been confined to the single one namely, —was the debt secured by the deed of trust to be regarded as an incumbrance for which the remaindermen as well as the life tenant were liable, or was it such a debt for which the life tenant alone was liable? If the former, the remaindermen would be subject to losing their estate unless they made contribution within a reasonable time; if the latter, the purchase by the life tenant would be regarded merely as the payment of his own debt and not a purchase of the outstanding title which he could assert against the remaindermen.

The pleadings on the second trial were amended to present squarely this issue. An action to quiet title is at law or in equity according to the issues presented by the pleadings. [Rains v. Moulder, 338 Mo. 275, 90 S. W. (2d) 81.] The issues here have converted this into an equitable action. Reviewing the case *de novo* we are constrained to defer to the finding of the trial court that the debt was primarily the obligation of Louisa Souders and was incurred in order to fulfill the condition for perfecting her title to the land. The evidence though necessarily meager was sufficient to sustain this finding. The deed of trust given to secure the debt thereby became an outstanding encumbrance for which the remaindermen were proportionately liable. Under these facts this case falls squarely within the rule announced in Cockrill v. Hutchinson, 135 Mo. 67, 36 S. W. 375 as follows: ''If a tenant for life purchase in an outstanding incumbrance upon an estate, it is regarded as having been done for the benefit of the reversioner as well as himself, *if the latter will contribute his proportion of the sum paid therefor.*''

In that case the facts are strikingly similar to the case at bar. There the land had been mortgaged by the wife who thereafter died

leaving a widower and two minor children. Later, on foreclosure the widower bought in the property. He subsequently conveyed it to other persons who made valuable improvements on it. This court held: that the mortgage executed in 1872 by the wife was valid, even though the note secured by it was void because of coverture; that the purchase of the property by the widower, the life tenant, was for the benefit of himself and the remaindermen, the two daughters, *if the latter had seen fit to pay their share of the purchase money within a reasonable length of time;* that the cause of action of the remaindermen accrued when the property was purchased by the life tenant; that a claim asserted by the remaindermen fourteen years later (although both were of legal age at the time of such purchase) was stale and the transaction was deemed to have been repudiated and its benefits abandoned; and that it would be inequitable to allow such a claim after the property had been improved and enhanced in value.

The rule above set out was first announced in Allen v. DeGroodt, 105 Mo. 442, 16 S. W. 494, and also followed in Meads v. Hutchinson, 111 Mo. 620, 19 S. W. 1111, and in Peak v. Peak, 228 Mo. 536, 128 S. W. 981, where we said that the same rule had likewise been applied to co-tenants but for stronger reasons applied between the life tenant and remaindermen.

We diverged from this rule in Herndon v. Yates (Mo.), 194 S. W. 46, in one respect. There we approved the rule as to a life tenant and remaindermen between whom no tie of blood kinship existed but held where the remaindermen were children of the life tenant, as the case at bar, then a purchase by the life tenant was presumed to operate as an advancement to his children with no duty of contribution on their part at any time. This decision followed erroneously our first opinion in Allen v. DeGroodt, 98 Mo. 159, 11 S. W. 240, where we had announced such a presumption. In the latter opinion we remanded the case for retrial. Then in our opinion on the second appeal (105 Mo. 442, 16 S. W. 494) on the same facts, i. e. the father as life tenant and his children as remaindermen, we flatly ignored such ruling about such a presumption as declared in our first opinion and held that these remaindermen must first contribute their proper share of the encumbrance before they would be allowed to recover in ejectment. By reaching such a decision we in effect overruled the contrary holding in our previous opinion. We have consistently followed the rule announced in the second opinion. In Herndon v. Yates, supra, we evidently overlooked our second opinion and erroneously followed the first opinion which in effect had been overruled. It is contrary to the settled rule and should not be followed.

Applying our settled rule to this case we find the defendants have for so long slept upon their rights until the property has been improved and enhanced in value that it would be inequitable now to permit them to assert any claim to the property.

We therefore affirm the judgment. All concur.