Margherita **LA PRESTO**, Respondent,

v.

Louis **LA PRESTO**, Appellant,

Louis Frank La Presto, Jr., Earl Susman
and G. Kraft, Defendants.

No. 45958.

Supreme Court of Missouri,
Division No. 2.

Dec. 9, 1957.

As Modified on Court's Own Motion
Jan. 13, 1958.

Richard C. Warmann, St. Louis, for appellant.

Robert W. Herr, St. Louis, for respondent.

STOCKARD, Commissioner.

Respondent, Margherita La Presto, plaintiff below, filed suit on August 27, 1953, against her husband, Louis La Presto, the appellant here, and others seeking to quiet title to certain property known as 3308 Easton Avenue in the City of St. Louis.

Respondent alleged in her petition that appellant purchased the property in 1942, but that title was taken in the name of his son, Louis Frank La Presto, Jr., as a straw party, and that appellant "purchased the said real estate as the joint property of himself and of plaintiff as husband and wife, and that the plaintiff and the said defendant are in fact the holders as tenants by the entireties of the equitable title therein and [are] the only persons having any legal or equitable right, title or interest in

and to the said real property." Earl Susman and G. Kraft were made parties because of an alleged interest by reason of a deed of trust. In the prayer it was requested that the court "ascertain and determine the right, title and interest of the plaintiff and the defendants in and to the aforementioned real estate and to define and adjudge by its decree that the plaintiff and the defendant Louis La Presto are the owners thereof and the holders of the fee simple title as tenants by the entireties."

Personal service was had on all defendants, including appellant, and each defendant other than appellant filed an answer in the form of a general denial. Appellant was granted two separate extensions of twenty days each within which to file his pleadings to the petition, but he filed no pleading whatever. It was more than two and one-half years after the expiration of the second extension before the trial court entered its interlocutory judgment that he was in default.

Appellant did not appear when the case was set for trial on June 5, 1956, although he had been served with a notice to produce certain documents. After hearing some of respondent's evidence the cause was passed for further hearing. It was subsequently set for trial on June 20, 1956, and on that day an attorney entered his appearance on behalf of appellant, and the cause was passed to June 27, 1956. On June 22, by leave of court, the attorney withdrew as counsel for appellant. On June 27, appellant appeared in court in compliance with a subpoena issued at the request of respondent, and he was sworn as a witness and testified.

Respondent's evidence which was received on June 5, when appellant was not present, was to the effect that appellant had purchased the property on August 20, 1942, as his own, but had taken title in the name of his son, Louis Frank La Presto, Jr.; that on September 21, 1943, the son conveyed the property to appellant by quitclaim deed; and that a deed of trust executed in 1943 was without consideration.

Respondent introduced no evidence tending to show that at any time the property was owned by appellant and respondent by the entirety. Instead, she offered evidence that on June 1, 1954, which was subsequent to the filing of this quiet title suit, she had obtained a default judgment against her husband in the amount of $15,000 for separate maintenance (see La Presto v. La Presto, Mo.Sup., 285 S.W.2d 568), and that upon execution issued on that judgment the property was sold and a sheriff's deed was issued to her as the purchaser at the execution sale.

The only testimony offered on June 27 was that of appellant who was an extremely evasive witness. Most of his answers were made to leading questions and were, "Yes, I guess," or "I guess so," or "I presume so." However, by considering that the substance of the leading questions was adopted by appellant by reason of his answers, his testimony was that he bought the property in question "somewhere around" 1942 from David and Ida Levy but had the title placed in the name of Louis Frank La Presto, Jr.; that a deed of trust was placed on the property at the time of the purchase, and that all the notes secured by that deed of trust had been paid by him; and that on September 23, 1943, he had a "$3,000 deed of trust" placed on the property which was without consideration. The appellant was then asked, "And you were the sole owner of this property, is that right?" His answer was, "I presume so."

The trial court entered its decree that none of the defendants has any right, title or interest in or to the above described real estate, and that respondent is the sole owner of and holds in her own name and as her sole and separate property the said real estate free and clear of any deed of trust. The recitals in the judgment conclusively show that it was based on findings that appellant acquired the property as his alone, that the property was sold under execution, that it was purchased at the execution sale by respondent, and that for those reasons she is the sole owner thereof.

After timely filing a motion for new trial, which was overruled, appellant has taken this appeal. The substance of his contentions is that the petition was based on the theory that appellant and respondent were owners of the property by the entirety, and the judgment decreed that respondent was the sole owner of the property and for that reason it was inconsistent with the petition.

A suit to quiet title is a special statutory action, Section 527.150, (all statutory references are to RSMo 1949, V.A.M.S.) to adjudge the respective estate, title and interest of several claimants to land, Schell v. City of Jefferson, 361 Mo. 495, 235 S.W.2d 351, and is an action at law or in equity according to the issues presented by the pleadings. Souders v. Kitchens, 345 Mo. 977, 137 S.W.2d 501. Here the action was in equity. It is specifically provided by statute that the institution, prosecution, trial and determination of quiet title suits under Section 527.150 shall conform in all respects to the provisions of the code of civil procedure, and that judgments rendered in such suits shall have the force and effect as therein provided. Section 527.160. In the pending case appellant was in default, and Section 511.130 provides that when there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others, but there shall be but one final judgment in the action. However, Section 511.160 provides that whenever such interlocutory judgment by default shall be rendered for the plaintiff, the "damages *or other relief shall not be other or greater than that which he shall have demanded in the petition,* as originally filed and served on defendant; but in any other case, the court may grant him any relief consistent with the case made by the plaintiff and embraced within the issues" (Emphasis added.) Therefore, we have for determination whether in this equitable suit to quiet title the relief granted was "other or greater than" that which respondent "demanded in the petition."

The facts alleged in the petition are to the effect that the respondent and appellant own the property in question by the entirety, and there are no facts alleged which support a finding that respondent is the sole owner of the property. Also, there is no specific request in the prayer for a determination that respondent is the sole owner of the property. On the contrary, the specific request therein contained is that it be determined that appellant and respondent are owners by the entirety. However, the prayer does contain a general request that the court ascertain and determine the right, title and interest of the parties and for further relief as the court may seem meet and proper.

The rule that under a general prayer for relief in an equity suit a party may have any relief to which he may show himself entitled is limited to relief founded on and consistent with the allegations set out in the petition. See Friedel v. Bailey, 329 Mo. 22, 44 S.W.2d 9, 15, wherein the following statement from Spindle v. Hyde, 247 Mo. 32, 152 S.W. 19, is quoted with approval: "That evidence without a proper issue framed, or outside the issues, will not support a judgment on appeal, that a judgment must respond to the vital issues tendered by the pleadings, that a prayer in a bill of equity for general relief will not permit relief not consistent with the pleadings and fairly within their scope, is a favored doctrine of this court to which it has consistently and persistently held—a doctrine grounded in sound philosophy and standing every test of reason." See also Kemp v. Woods, 363 Mo. 427, 251 S.W.2d 684; 30 C.J.S. Equity § 608; 19 Am.Jur., Equity, § 410; and the collection of cases in the annotation entitled "Right under general prayer to relief inconsistent with prayer for specific relief," in 30 A.L.R. 1175. The relief granted by the judgment in this case is inconsistent with and repugnant to the allegations of the petition.

The former decreed respondent to be sole owner of the property; the latter alleged and specifically requested that the court determine that appellant and respondent were owners by the entirety. "A plaintiff may not sue upon one cause of action and recover upon another, or recover upon an inconsistent theory without notice to the opposing party." Kemp v. Woods, supra [363 Mo. 427, 251 S.W.2d 688]. Appellant was not called upon to plead to or defend an action to quiet title to the property in question based upon a demand of respondent that she was the sole owner of the property. We cannot escape the conclusion that notwithstanding the general prayer for relief in the petition, the relief granted by the judgment was "other or greater than" that which respondent "demanded in the petition."

■ Respondent contends that the "case was tried as though the petition did allege the facts that were proved as to plaintiff being the sole owner of the real estate, and such evidence having been admitted without objection, the petition on appeal will be treated as having been amended to conform to the proof." In support of this position respondent cites Gannaway v. Pitcairn, Mo. App., 109 S.W.2d 78; Will Doctor Meat Co. v. Hotel Kingsway, Inc., Mo.App., 232 S.W. 2d 821; Robinson v. Commonwealth Casualty Company, 224 Mo.App. 969, 27 S.W.2d 49; and Smith v. Atlanta Life Insurance Co., Mo.App., 102 S.W.2d 757. We agree with the results reached in these cases, but they are not applicable to the situation here because in each case the defendant was not in default. Respondent also relies on Section 509.500 which provides, among other things, that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. This statute establishes a sound rule which prevents a party from trying a case on one theory before the trial court, and then, after losing on that theory, making the objection on appeal that he was wrong in introducing evidence or failing to object to the admission of evidence outside the pleadings. But, we have been cited to no case which holds that Section 509.500 authorizes an appellate court to treat a petition as amended to conform to the proof when the defendant was in default, and when to do so would result in the petition, as amended, containing a demand for damages or relief other or greater than that demanded in the copy of the petition which was served on the defaulting defendant. To so construe this section would make it in direct conflict with Section 511.-160, and such a construction obviously was not intended nor is it justified by the language used.

Respondent next contends that appellant was in default in only a "technical sense" because he knew what was going on, and also because "he is not a neophyte in legal matters," and, therefore, this court should treat the case as though appellant had in fact filed an answer. The record does not support the conclusion that appellant was aware of the change in the demand of plaintiff for the relief sought. But even so, appellant was entitled to default and thereby in effect admit the allegations of the petition and rely on the trial court not granting relief other or greater than that demanded in the petition.

Respondent does not specifically contend, but her argument implies, that appellant's testimony constituted a judicial admission which supports the judgment entered, and for that reason he cannot now complain on this appeal. We do not decide what the effect on appeal would be of a judgment against a defaulting defendant which is inconsistent with the petition but is entirely in accord with the testimony of the defaulting defendant. However, assuming that in this case appellant's testimony constituted unequivocal and understanding statements of facts within his knowledge so as to constitute judicial admissions, see Smith v. Siercks, Mo.Sup., 277 S.W.2d 521, and that such judicial admissions could have the effect of either resulting in the amendment of respondent's petition, or estopping him

from asserting that the judgment was inconsistent with the petition, then at most appellant judicially admitted that he acquired title to the property in his own name alone. He made no mention whatever of the execution sale, and there is nothing in his testimony that could possibly be construed to constitute a judicial admission that respondent alone ever acquired title to the property.

The situation which has developed here is exactly what Section 511.160 is designed to prevent. Our laws which prescribe what notice is to be given to a defendant of an action against him, and which regulate the conduct of trials, do not permit a defendant to trifle with the courts by ignoring a summons. But these same laws also are designed to prevent a plaintiff from taking an unfair advantage of even a trifling defendant. We do not know, nor will we speculate, what defense, if any, appellant has to respondent's claim that she is now the sole owner of the property by reason of the execution sale, but before respondent was entitled to a judgment to that effect against appellant when he was in default, the petition served on him must have reasonably notified him of that demand so that he would know what the consequences would be if he defaulted. In this case, appellant was told by the petition that if he defaulted respondent would be entitled to a judgment that the two of them owned the property by the entirety. Appellant did default, and the court then entered judgment that respondent owned the property alone. To do this violated the clear and unequivocal mandate of Section 511.160, and therefore was erroneous.

The judgment decreed that defendants Louis Frank La Presto, Jr., Earl Susman and G. Kraft have no interest whatever in the property. In addition to the fact that these defendants were not in default and have not appealed, this part of the judgment was in accord with the pleadings and the evidence. Also, those parts of the judgment which held that the deeds of trust placed on the property by appellant at the time of the original purchase and on September 23, 1943, were not valid liens, were in accord with the pleadings and were supported by the evidence. Appellant does not challenge these findings. Therefore, there is no reason that these parts of the judgment should be disturbed. Accordingly the judgment appealed from is reversed to the extent herein indicated, and the cause is remanded for further proceedings as the parties may be advised not inconsistent with this opinion.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.