Jacobi v. Jacobi.

JACOBI V. JACOBI *et al., Plaintiffs in Error.*

<table>
<tr><td>101</td><td>507</td></tr>
<tr><td>46a</td><td>515</td></tr>
<tr><td>101</td><td>507</td></tr>
<tr><td>58a</td><td>553</td></tr>
<tr><td>58a</td><td>586</td></tr>
<tr><td>101</td><td>507</td></tr>
<tr><td>74a</td><td>262</td></tr>
<tr><td>101</td><td>507</td></tr>
<tr><td>76a</td><td>202</td></tr>
<tr><td>78a</td><td>287</td></tr>
<tr><td>101</td><td>507</td></tr>
<tr><td>155</td><td>521</td></tr>
<tr><td>101</td><td>507</td></tr>
<tr><td>84a</td><td>519</td></tr>
<tr><td>101</td><td>507</td></tr>
<tr><td>164</td><td>335</td></tr>
</table>

1.  **Assignment for Benefit of Creditors:** CHATTEL MORTGAGE. A chattel mortgage of a debtor is valid as against his voluntary assignee for the benefit of creditors, even though it may be vulnerable to attack by creditors asserting their rights independent of the assignment.

2.  ——: ASSIGNEE.  A statutory assignee in trust for creditors is not regarded as a purchaser for value.

3.  ——: ASSAILING PRIOR TRANSFERS OF ASSIGNOR.  Neither such assignee nor creditors, claiming merely under the assignment, can assail prior transfers of the assignor which the assignor himself could not.

4.  ——: ESTOPPEL.  The presentation of his demand by the creditor to the assignee and its allowance by the latter will not estop the creditor to foreclose the mortgage, it appearing that the assignment embraced other property in addition to that included in the mortgage and that the creditor did not intend to waive his remedy on the mortgage.

*Appeal from Marion Circuit Court.*—HON. THEODORE BRACE, Judge.

AFFIRMED.

THIS is a suit to foreclose a chattel mortgage on a stock of groceries and other merchandise.

In 1881, plaintiff became surety for defendant Enoch J. Jacobi on a note of the latter to a third party for twenty-five hundred dollars and interest at eight per cent. per annum payable one year thereafter. In 1883, the note remaining yet unpaid, over due, Enoch J. Jacobi executed said mortgage to plaintiff to indemnify him as such surety. Plaintiff then took up the said note. The amount of his payment on that account with interest thereon constitutes the debt which remains due him from the mortgage debtor. At the time of trial it about equaled the proceeds of the sale of the goods mentioned later on. Some months after plaintiff received the chattel mortgage, Enoch J. Jacobi made a statutory general assignment of the stock covered by it and of his mercantile accounts, choses in action and other property to Joseph Retti, for the benefit of creditors.

In January, 1884, Mr. Retti took possession of the stock and afterwards duly sold it for $2,790.20, cash, under an order of the circuit judge in the assignment proceedings.

After the assignment, and before the sale by the assignee, plaintiff brought this suit to foreclose the mortgage against the mortgagor and his assignee, who had taken possession of the goods.

The mortgagee, Ludwig, pending his suit of foreclosure, on the fourteenth day of March, 1884, while the assignee was allowing and adjusting demands, presented, and had allowed by the assignee, the whole of his claim against Enoch J. Jacobi. The allowance of this claim was opposed by the intervening creditors, and, when made by the assignee, an appeal was taken by the creditors to the circuit court where the judgment of the assignee was affirmed.

The assignee, Retti, filed an answer in this suit setting up the fact of the assignment to him, the sale of the stock, giving a list of claims proved and allowed (including that of plaintiff), aggregating in amount much more than the total sum realized from the sale of

the goods, and upon the facts asked that the general
creditors of Enoch (who disputed the validity of the
mortgage) be made parties defendant in this suit, and
that he (the assignee) be allowed to bring the money
(some twenty-seven hundred and ninety dollars) into
court to abide the determination of the suit, which was
thereupon allowed to be done.

By leave of court, a large number of creditors there-
upon appeared and filed an answer to plaintiff's petition,
alleging that the latter, after the institution of his suit
of foreclosure, had presented to, and had had allowed by,
the assignee the entire claim forming the basis of this
suit ; that the assigned property was the same as that
described in the mortgage, and that, having so presented
and had his claim allowed, he was estopped to foreclose
his mortgage.

They further alleged that the mortgage was fraud-
ulent and void, because it appeared upon its face, and
that the facts *aliunde* disclosed that it was made upon
an understanding and agreement that the mortgagor,
Enoch, should remain in possession of the goods, sell
them for his use and continue to do business as before,
as he had accordingly done.

Issues were joined and the case tried on the defenses
set up in the answer of the intervening creditors.   The
facts of the first defense were admitted, and the court
held that plaintiff was not thereby estopped from pro-
ceeding to enforce the mortgage.   This ruling of the
court was duly excepted to.

The second defense was submitted as a special issue
to a jury.   The defendant creditors introduced evidence
supposably tending to prove that the mortgage was
fraudulent and void.   The court sustained a demurrer
to this evidence and directed the jury to find for plain-
tiff, which they accordingly did.

There was then entered a decree directing payment
of plaintiff's debt from the proceeds of said goods

( after deducting the costs of the assignment proceedings ), and that if any balance remained it should be paid to the assignee for administration.

The plaintiff did not except to the decree, but the intervening defendants, the creditors, did.

After the usual steps they brought the case here for a review of the points saved by them during the proceedings.

All other material facts will appear in the opinion.

*E. McCabe, H. J. Drummond, W. R. Anderson, Anderson & Schofield* and *R. F. Walker* for plaintiffs in error.

(1) The chattel mortgage was fraudulent and void as to creditors as a matter of law. (2) The trial court erred in sustaining a demurrer to the evidence. *Claflin v. Rosenberg*, 42 Mo. 439; *Deen v. Plant*, 42 Mo. 60; *McKown v. Craig*, 39 Mo. 165; *Hays v. Bell*, 16 Mo. 496; *Winston v. Wales*, 13 Mo. 169; *Bullene v. Barrett*, 87 Mo. 185; *Weber v. Armstrong*, 70 Mo. 217. (3) A chattel mortgage may be void although properly drawn and recorded. R. S. 1879, sec. 2496; *Dobyns v. Meyer*, 95 Mo. 132; *Reed v. Pelletier*, 28 Mo. 173; *State v. Cooper*, 79 Mo. 464; *Weber v. Armstrong*, 70 Mo. 220. (4) A mortgage creditor is estopped from claiming under both mortgage and assignment. *Sampson v. Shaw*, 19 Mo. App. 274; *Valentine v. Decker*, 43 Mo. 583; 1 Hare & Wallace's Lead. Cases in Equity, 303; *Glass Co. v. Drew*, 27 Mo. App. 51; *Stoller v. Coates*, 88 Mo. 514.

*W. M. Boulware* for defendant in error.

(1) The presentation by plaintiff of his claim to the assignee for allowance thereof did not operate to estop plaintiff from further prosecuting his foreclosure suit. (2) The mortgage was not avoided by the operation of Revised Statutes, 1879, section 2496. The

action of the court in directing a finding by the jury
was nothing more than the making of a finding by the
court. This it would have the right to do without
regard to the finding of the jury called to his aid. The
finding of the court was right; the mortgage was not
attacked as being fraudulent under section 2497. It
was alleged to have been made in trust to the use of
the mortgagor, and, therefore, void under section 2496.

BARCLAY, J.—No question is raised by any of the
parties concerning the regularity of the proceedings by
which the issues in the trial court were reached. There
is, therefore, no need to discuss that subject further
than to remark, as bearing on some of the questions we
must consider, that the parties who intervened and
became volunteer defendants in the suit were merely
general creditors of Enoch J. Jacobi. They were
admitted to defend at the instance of the assignee, Mr.
Retti, by whom their claims against Enoch J. had been
allowed as demands against the assigned estate. Their
joint answer sought to have the court adjudge the
plaintiff's mortgage fraudulent as to creditors, and that
the proceeds of the goods mentioned in it should
become a part of the assigned estate for distribution
and application *pro rata* upon their allowed claims
after payment of the costs of the assignment.

The material facts on which the case turns are
mutually conceded. The interpleading creditors admit
the identity of the stock of goods (which the assignee
took possession of under the deed of assignment) with
that mortgaged, but assert the invalidity of the mort-
gage as fraudulent. The claim is not that it was
invalid as between the original parties but that, as to
creditors, it comes within the denunciation of the
statute as a conveyance to the use of the mortgagor,
either in law, by reason of its terms, or, at least, in fact
by virtue of the acts and understanding of the parties
to it.

But, unfortunately for this contention, the intervening creditors do not occupy such a position in the present controversy as permits them to take advantage of the claim they thus make, even were it fully established by the proof, as to which we have no occasion to express an opinion. None of them has attempted to assert a hostile right against the goods, or their proceeds, by virtue of any attachment or general judgment against the property or against the debtor. They have merely proved their several claims before the assignee, and obtained allowances against the assigned estate. They have intervened in this suit to make a defense on behalf of the assignee's interest in the property. The only status they have before the court is under and by reason of the assignment of the alleged fraudulent debtor.

It is now too well settled to require serious discussion that, as against a voluntary assignee for the benefit of creditors, a chattel mortgage of the debtor is valid even though the facts and circumstances bearing on it may be such as render it vulnerable to attack by creditors asserting their rights independently of the assignment. This rule rests upon general principles governing the law of assignments.

A statutory assignee in trust for creditors is not regarded as a purchaser for value. He acquires the right and interests of the assignor in the subject-matter of the assignment but none greater. Under our law he cannot annul prior dealings of his assignor respecting the assigned property which the assignor himself might not.

A chattel mortgage to the use of the mortgagor is valid as against the latter and hence against his voluntary assignee in trust for creditors.

There is nothing exceptional suggested in this case to take it out of these general rules.

The assignee in the present instance received the stock of goods mentioned subject to the mortgage. The

only estate therein which he took for distribution among the creditors was the surplus that might remain after satisfaction of the debt secured. The assigned estate never acquired any interest adverse to the mortgage on the facts here exhibited.

It follows that, whatever view may be taken of the latter instrument, the assignee and those who have been admitted to defend in his right on behalf of the assigned estate are not in a situation to successfully assail it in this proceeding on the grounds they urge.

II. The next point pressed upon our notice is that the plaintiff is "estopped from claiming under both mortgage and assignment," it being conceded that plaintiff's demand (secured by the mortgage) has been, at his instance, allowed by the assignee as a claim against the assigned estate.

We do not discern any such estoppel in the facts of this case. The evidence shows that the property assigned not only embraced the debtor's interest in the goods covered by the mortgage, but also his " accounts, choses in action and other personal property." Furthermore, in his petition for an allowance by the assignee, the plaintiff expressly asserted precedence for his claim secured by the mortgage as against the goods embraced within its terms. He had already brought the present suit to foreclose. The facts recited show no purpose or intent on his part to waive his rights under the mortgage or to elect any remedy inconsistent with the assertion thereof.

Of course he could have but one satisfaction of his demand in any event. But if the mortgaged property did not satisfy the debt his allowance in the assignment would enable him to participate for the residue with the other creditors in the proceeds of the remaining property assigned. There is no rule of law to prevent his so participating.

Finding the result reached by the trial court correct upon the undisputed facts, it is unnecessary to review the details of exceptions in the course of the proceedings. The judgment was for the right party. We all agree to affirm it.