SCHROEDER, *Appellant*, v. BOBBITT *et al.*

DIVISION ONE.

1. **Debtor and Creditor**: PREFERENCE. A failing debtor may prefer one creditor to another by giving the former a mortgage to secure an existing indebtedness, where it is accepted in good faith by the creditor for the sole purpose of such security.

'108 289
56a 547

2. **Mortgages and Deeds of Trust:** MISDESCRIPTION. A misdescription in a mortgage of a note as "for $12,000," when, in fact, it read $12,057.44, does not vitiate the security, where the court limits the scope of the latter to the lesser sum named in the mortgage.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

SUIT in equity to set aside a deed of trust. Decree for defendants. Plaintiff appeals.

*Eber Peacock* for appellant.

(1) The deed of trust, dated June 7, 1888, executed by William H. F. Schroeder, party of the first part, Robert E. Collins, party of the second part, and Mary L. Bobbitt, party of the third part, to secure the payment of a note, dated February 25, 1888, to the payee therein named, Mary Carroll Bobbitt, for $12,000 at six months after date, is void as against appellant, the same being without any consideration whatever, it being shown by the proof, and admitted by the answer, that there was no such note or debt as described in the deed. *Rumbolds v. Parr*, 57 Mo. 592 ; *Payne v. Stanton*, 59 Mo. 158. (2) Even if the deed of trust, dated June 7, 1838, was given as is contended as security of the payment to Mary L. Bobbitt of a note dated February 25, 1888, and payable at six months after date for $12,057.44, then it was given to secure an antecedent indebtedness. And, there being no new consideration to support the transfer, the same would be void as against the equities of plaintiff. *Goodman v. Simonds*, 19 Mo. 117 ; *Stalker v. McDonald*, 6 Hill, 93 ; *Bernard v. Campbell*, 58 N. Y. 73 ; *Petrie v. Clarke*, 11 Serg & R. 377 ; *Fitzgerald v. Barker*, 96 Mo. 664 ; *Wine Co. v. Rinehard*, 42 Mo. App. 178, and cases cited therein. The rights of plaintiff as established by the decree in the divorce case against respondent, W. H. F. Schroeder, relate

back to the time when the *delictum* occurred; then she became a *quasi* creditor, and as such entitled to set aside a conveyance subsequently made by him for the purpose of defrauding her of her alimony. *Barrett v. Barrett*, 5 Oregon, 411; *Boughslough v. Boughslough*, 68 Penn. St. 499; *Livermore v. Boutelle*, 11 Gray, 217; *Frakes v. Brown*, 2 Blackford, 295; *Bailey v. Bailey*, 61 Maine, 361; 2 Bishop on Marriage & Divorce [6 Ed.] secs. 450, 453. The husband by the *delictum* subjected himself and his property to the jurisdiction of the court. Divorce proceedings being proceedings *in rem*, and affect property rights. *Kirby v. Kirby*, 1 Paige, 261; *Gray v. Gray*, 65 Ga. 193; *Crews v. Mooney*, 74 Mo. 26; 2 Bishop on Marriage & Divorce [6 Ed.] secs. 502, 504, 508; *Ellison v. Martin*, 53 Mo. 75; *Gould v. Crow*, 57 Mo. 200. And the filing of the bill of divorce created a *lis pendens*, so that Mrs. Bobbitt took the deed of trust with notice of the rights of Mrs. Schroeder as subsequently determined by the decree. *Bailey v. McGuinness*, 57 Mo. 362; *Carr v. Gates*, 96 Mo. 274.

*Collins & Jamison* for respondents.

The question of fraudulent intent on the part of either Wm. H. F. Schroeder or Mary L. Bobbitt in the execution and delivery of the note for $12,057.44, dated February 25, 1888, or the deed of trust securing payment of same, dated June 7, 1888, is not before the court. Counsel for appellant contends that the giving of the deed of trust immediately before the trial of the divorce case operated as a fraud upon the appellant seeking to recover alimony. The wife did not stand in the relation of a creditor of the husband until the date of the decree awarding her alimony, and even had she at the date of the deed of trust been a creditor with an established past-due claim it would have been perfectly competent for William H. F. Schroeder to have preferred Mary L. Bobbitt, at that time a *bona fide* creditor

by giving the said deed of trust. There is no better established rule of law under the decisions of this court than the one which permits a debtor to prefer one creditor to the exclusion of all others when there is no fraud connected with the transaction. *Kuykendall v. McDonald*, 15 Mo. 416 ; *Sexton v. Anderson*, 95 Mo. 373 ; *Nichols. v. Ellis*, 98 Mo. 344; *Claflin v. Sylvester*, 99 Mo. 276. · And it is immaterial whether the preference given be by payment, conveyance, mortgage, by delivery of goods, by confession of judgment, or by suffering an attachment. *Sexton v. Anderson*, 95 Mo. 373 ; *Claflin v. Sylvester*, 99 Mo. 276. Such preference is not invalidated by the fact that the debtor has been engaged in a scheme to defraud his creditors where there is no fraud on the part of the preferred creditor. · *Hard v. Foster,* 98 Mo. 297.

BARCLAY, J.—The deed which plaintiff's bill seeks to set aside is in the nature of a mortgage, securing payment of some $12,000. The defendants are the holders of the secured indebtedness, and other parties variously interested in the subject-matter of the trust.

It is unnecessary to state the pleadings in detail. Their general nature will sufficiently appear.

The hearing developed these facts: Mary E. Schroeder, the present plaintiff, had a writ for divorce against Wm. H. F. Schroeder in June, 1888, which was about to be called for trial, when the latter executed the deed of trust mentioned, transferring certain parcels of land in St. Louis to a trustee to secure to Mrs. Bobbitt, one of these defendants, the indebtedness stated. It is admitted that Mr. Schroeder was then justly liable to Mrs. Bobbitt in the sum of $12,057.44, for money loaned, evidenced by a note for that amount, dated February 25, 1888. This note was unsecured until the execution of the said deed of trust which, however, recited it as being for $12,000. The deed was duly recorded June 8, 1888 ; thereafter, July 6, 1888,

plaintiff obtained a decree of divorce as prayed, which adjudged to her, for life, all the interest and estate of Mr. Schroeder in one of the parcels of land covered by the deed of trust in question.

Plaintiff's chief contention is that this deed is fraudulent as to her; but it may shorten the discussion to mention, just here, that, in her bill of exceptions, plaintiff concedes that the deed was executed and delivered to secure the note of February 25, 1888; "that said note was misdescribed in the deed of trust, because the attorney for Mrs. Bobbitt did not have it with him at the time said deed was drawn; that, whatever the intent of the defendant Schroeder in executing said deed of trust may have been as against the plaintiff, the defendant Bobbitt did not participate in any fraudulent intent, but received the sum in good faith for the sole purpose of securing the indebtedness that was due her."

In view of this concession it is unnecessary to consider the effect of a number of minor facts, surrounding the execution of the deed and urged upon our notice in argument. They merely bear, more or less cogently, upon the issue of good faith in the transaction, which issue is eliminated by the admission mentioned.

Granting (though we do not decide) that plaintiff, by reason of the pendency of her divorce suit, was fully entitled to the standing of a creditor of her husband at the time he made this conveyance, it was still his privilege to prefer one creditor at large to another. If the creditor thus preferred had "the sole purpose of securing the indebtedness due" (as here appears), there can be no doubt that the acceptance of the preference involved no fraud on other creditors, less fortunate. This proposition is no longer questionable in Missouri as our reports show. *Kuykendall v. McDonald* (1852), 15 Mo. 416; *Forrester v. Moore* (1883), 77 Mo. 651; *Albert v. Besel* (1885), 88 Mo. 150. Nor does the fact

that the incumbrance was imposed on the land to secure an existing, not a new, indebtedness of Mr. Schroeder avoid the force of the rule just cited. This, too, is settled by prior rulings of this court. *Colbern v. Robinson* ( 1883 ), 80 Mo. 541 ; *Sexton v. Anderson* ( 1888 ), 95 Mo. 373.

II. The misdescription of the note secured does not vitiate the security. It was called a note for $12,000 when in reality it ran for $12,057.44 ; but its date and terms in other particulars were correctly recited in the mortgage. The court limited the scope of the security to the sum which appeared of record, and found, as a fact, that the note held by Mrs. Bobbitt was the one intended to be secured. In so doing, we think there was no error prejudicial to plaintiff's rights.

III. We regard the deed of trust as a valid charge upon the realty. Without going into the details of the procedure adopted by the trial court to enforce it ( as prayed by defendant's answer in the nature of a cross-bill ), we consider it sufficient to remark, generally, that after an examination of the whole record, we are of opinion that the result reached by the court was correct in all respects, and should be affirmed. It is so ordered, with the consent of all the judges of this division.