JAMES S. BELL, Appellant, v. CHARLES C. BELL
et ux., Respondents.

Kansas City Court of Appeals, November 16, 1908.

MORTGAGES: Married Women: Consideration.   A married wom-
an may make a valid mortgage upon her real estate to se-
cure the debt of her husband, but the mere securing of a
pre-existing debt without other consideration will not support
such mortgage, though the least benefit or injury to the
mortgagee would be sufficient.

Appeal from Cedar Circuit Court.—*Hon. Berry G.
Thurman,* Judge.

AFFIRMED.

*Silvers & Dawson* for appellant.

(1)   The mortgage was an instrument purporting
to be under seal, and had a scrawl attached.   This made
the same a sealed instrument.   R. S. 1879, Sec. 662.
Sealed instruments import consideration.     Montgom-
ery Co. v. Auchley, 92 Mo. 129.   (2)   No proof of consid-
eration is necessary, when plaintiff's cause of action
is founded on an instrument importing consideration.
Montgomery Co. v. Auchley, 103 Mo. 499;   Homes v.
Farris, 97 Mo. App. 311;  Eyerman v. Piron, 151 Mo.
115.   (3)   The body of the mortgage deed recites as
consideration therefor the sum of one thousand eight
hundred and fifty-four one-hundredths dollars to them
(the grantors) paid.   The receipt of which is acknowl-
edged.   Both Mary R. and Charles C. Bell are named
as grantors.   This recital was prima-facie evidence of
the consideration therefor, and placed the burden on
defendants to disprove the facts so proved.  Burkholder
v. Henderson, 78 Mo. App. 287;  Bobb v. Bobb, 89 Mo.
419; Meads v. Hutchinson, 111 Mo. 620.

*Thos. J. Smith* for respondents.

(1) There was no consideration shown for the execution of the mortgage. This appears, first, from the plaintiff's petition itself, wherein it is recited in each of the first two counts of the petition that the mortgage was given subsequently to the contracting of the debt and no new consideration is either pleaded or proven. (2) In the third count of the petition it is averred that it was given to secure a then existing indebtedness, and these facts appearing affirmatively, both from the plaintiff's own petition and his own testimony, conclusively rebut and disprove the fact of any other consideration which might be inferred from the execution of the mortgage itself. Hume v. Eagan, 93 Mo. App. 576.

JOHNSON, J.—This is a suit to foreclose a mortgage on real estate. Defendants prevailed in the trial court where the cause was tried without a jury. Plaintiff appealed.

On October 6, 1887, defendant Charles C. Bell borrowed $502.75 from his brother, the plaintiff, and delivered to his brother his negotiable promissory note for that sum, payable July 1, 1888, and bearing ten per cent interest per annum from date. On November 1, 1887, said defendant borrowed $1,305.77 from plaintiff, and gave his note due July 1, 1889, for that amount, with interest at ten per cent per annum from date. December 13th of the same year, defendant Charles C. Bell and his wife, Mary R. Bell, joined in the execution of a mortgage on land owned by the wife in Cedar county, Missouri. The instrument contains the recital:

"This grant is intended as a mortgage to secure the payment of one thousand eight hundred eight and 54-100 dollars, according to the terms of two certain promissory notes executed by the said C. C. Bell to the party of the second part, Jas. S. Bell, date Oct. 6, 1887,

due July 1, 1888, amount $502.75; second note dated Nov. 1, 1887, due July 1, 1889."

The mortgage was delivered to plaintiff and was recorded in the office of the recorder of deeds of Cedar county, June 11, 1889. No payment of either principal or interest was made on the first described note. Two payments were made and endorsed on the larger note, one of $500, on July 14, 1890, and one of $62.50, on November 3, 1892. This suit was brought in the circuit court of Cedar county the 26th day of January, 1907, after both notes were barred by the Statute of Limitations. One of the defenses interposed by the answering defendants thus is pleaded: "That if said mortgage was executed, same was without consideration having been received by said Mary R. Bell, or anyone to her use or having been given by the plaintiff or anyone for him to induce the execution of said mortgage and that if executed at all, said deed of trust was executed by both makers without any consideration whatever."

The recitals in the mortgage and the testimony of plaintiff show indisputably that the mortgage was given by Mrs. Bell on her land to secure a pre-existing debt of her husband, and without any new consideration of any kind to her or her husband. The loans were made by plaintiff to her husband without a demand by the former or a promise by the latter that such security or any security would be given. Plaintiff parted with his money and accepted his debtor's promissory notes for it, then a month or more after the transaction had been closed and before the maturity of either note, demanded security and received the mortgage in suit in compliance with the demand.

The rule is well settled that "a married woman, when conforming to the requirements of the statute, has the unquestioned power to make a valid mortgage upon her real estate which is not held to her separate use, though the debt or liability secured thereby is that

of her husband." [Meads v. Hutchinson, 111 Mo. 620.] And it is just as well settled that a mortgage given to secure the payment of a pre-existing debt of another is invalid if not supported by a new consideration. "The least benefit or advantage to the promisor, or the least injury or detriment suffered by the promisee or a third person, will support the contract." [Lemp Co. v. Mfg. Co., 64 Mo. App. 115, and cases cited.] But there must be some consideration and where, as here, it appears by all the evidence, including the recitals of the instrument itself, that there was none, the mortgage should be held invalid. This conclusion adequately supports the judgment rendered by the trial court for defendants and relieves us of the duty of discussing other questions ably presented by counsel.

The judgment is affirmed. All concur.