### TRUST CO. OF ST. LOUIS COUNTY v. MARKEE.

### SAME v. REYBURN

(Circuit Court, E. D. Pennsylvania. June 21, 1910.)

Nos. 91, 92.

1. BILLS AND NOTES (§§ 358, 379*)—BONA FIDE HOLDERS—CREDITORS.

Under sections 25, 27, 29, art. 2, of the Missouri and Pennsylvania negotiable instruments acts (Laws Mo. 1905, p. 247 [Ann. St. 1906, §§ 463—25, 463—27, 463—29]; Act Pa. May 16, 1901 [P. L. 199]), making a preexisting debt a valuable consideration, providing that where a holder has a lien on the instrument he is deemed a holder for value to the ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tent of his lien, and making an accommodation indorser liable to a holder for value, accommodation indorsers are liable on a note transferred before maturity to a creditor as additional collateral security for a pre-existing debt.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 922; Dec. Dig. §§ 358, 379.*]

2. PLEDGES (§ 58*)—COLLATERAL NOTES—LIABILITY.

Judgment is properly awarded against accommodation indorsers for the full amount of a note deposited with the holder as collateral security, though there have been payments on the original note; execution on the judgment being properly controlled to avoid injury to the indorsers.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 186; Dec. Dig. § 58.*]

At Law. Actions by the Trust Company of St. Louis County against William T. Markee and against John E. Reyburn. Judgments for plaintiff.

Townsend, Elliott & Townsend and W. W. Porter, for plaintiff.
J. Howard Gendell, for defendants.

J. B. McPHERSON, District Judge. These two cases are brought upon the same promissory note and were tried together. The defendants are successive indorsers and the plaintiff is a holder for value before maturity. The note is for $25,000, is dated September 27, 1906, is payable one year thereafter in the city of St. Louis, and was made in Missouri by the St. Louis, Webster & Valley Park Railway Company to its own order. It was indorsed by the company itself, and by Paul D. Cable, John E. Reyburn, William Markee, and H. C. Begole, in the order named, and has been duly protested for nonpayment. The further facts are as follows:

On July 26, 1906, the plaintiff discounted a note of $25,000 for the St. Louis, Webster & Valley Park Railway Company. The note was signed by the railway company and by three other persons, and was accompanied by $50,000 of the company's bonds as collateral. It was due on January 26, 1907, and contained the provisions that are usual in such obligations—among them, the provision that the makers should give further security under certain conditions. In addition to the railway bonds, the plaintiff held what purported to be a written obligation of the Allis-Chalmers Company guaranteeing the payment of the note. When the note fell due the Allis-Chalmers Company denied its liability on the guaranty, asserting that the writing was without authority. Thereupon a conference was held between the plaintiff and the officers of the railway company; and, in consequence of the plaintiff's demand, the note in suit, accompanied by other bonds of the railway company, was pledged as further collateral for the original note. The defendants are accommodation indorsers, and, so far as Reyburn is concerned, his indorsement was given "under an agreement that [the note] was to be used or given to the Allis-Chalmers Company"—to use his own language on the witness stand. But the note was delivered by him to the proper officers of the railway company, and was pledged by

them withóut communicating this agreement to the plaintiff, and with no knowledge on its part thereof. The pledge was made in January, 1907, several months before the due date of the note.

Upon these facts there seems to be little room for dispute. If the case is to be governed by the federal decisions, it is enough to refer to Railroad Company v. Bank, 102 U. S. 14, 26 L. Ed. 61, in which the Supreme Court decided that:

"The transfer by indorsement to a creditor of negotiable paper before maturity, merely for an antecedent debt, although it is without his express agreement for indulgence, is· not an improper use of such paper, and is as much in the usual course of commercial business as its transfer in payment of the debt. In neither case is the bona fide holder affected by equities or defenses between prior parties of which he had no notice."

If the statute either of Missouri or of Pennsylvania is to govern, the result is the same. Both states have adopted the negotiable instruments act, and the provisions now relevant are identical in both. See Laws Mo. 1905, p. 247 (Ann. St. 1906, §§ 463—25, 463—27, 463—29); Act Pa. May 16, 1901 (P. L. 199). In article 2, § 25, value is defined as follows:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Section 27 provides:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

Section 29 declares:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Tested by these statutes, the liability of the defendants under the facts in proof is, I think, too clear to need discussion; and the only question remaining is, For what sum the judgment should be entered? It appeared at the trial that the railway company has made certain payments on the original note, and the defendants contend that in any event the judgment can only be rendered for the balance that is still due. But none of these payments was made on the note in suit, and the plaintiff is therefore legally entitled to a formal judgment for the full amount of that obligation. The plaintiff concedes, however, that only payment of the balance can be enforced; and, if it should become necessary to issue execution in either suit, the process can be controlled so that no injury will be done to the defendant. But for the present a judgment for $25,000, the face of the note, with interest from September 27, 1907, may be entered against each defendant.

To the entry of this judgment an exception is sealed in each case.