NATIONAL BANK OF COMMERCE IN ST. LOUIS, Appellant, v. F. E. MORRIS, Respondent.

St. Louis Court of Appeals, March 21, 1911.

BILLS AND NOTES: Holder in Due Course: Giving Note as Collateral Security for Pre-existing Debt: Negotiable Instrument Law. Where one takes a note before its maturity in good faith from the payee, as collateral security for a pre-existing debt, he takes it for value and is a holder thereof in due course, under the Negotiable Instrument Law, and the defense of want of consideration, in an action thereon against the maker, is not available; the Negotiable Instrument Law abrogating the previous rule that one to whom negotiable paper is transferred merely as collateral for a pre-existing debt holds it subject to all equities existing between the original parties.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND JUDGMENT ENTERED FOR APPELLANT.

*Edward D'Arcy* and *Barclay, Fauntleroy & Cullen* for appellant.

(1) The evidence shows that the note was delivered to the appellant either on account of a new loan or by way of substitution for other collateral which was surrendered in the same transaction; and it is well settled that a transferee who takes collateral by way of substitution for other collateral surrendered becomes a holder for valuable consideration. Voss v. Chamberlain, 117 N. W. 871; Jones on Pledges and Collateral Security, sec. 470; Bank v. Watson, 42 N. Y. 490; Greenwell v. Haydon, 78 Ky. 332; Cherry v. Frost, 7 Lea 1; Sawyer v. Turpin, 91 U. S. 113, 23 L. Ed. 235; Daniels, Negotiable Instruments, sec. 827. (2) One who takes a negotiable note as collateral security for a debt created at the time and without notice of any infirmities is a holder for value. This doctrine was firmly established before the passage of the Negotiable Instrument Law, and will, of course, obtain under that law. Stewart v. Givens, 128 Mo. App. 389; Bank v. Eubanks, 124 Mo. App. 499. (3) Under the Negotiable Instrument Act of 1905 one who takes a negotiable note as collateral security to secure a pre-existing debt is a holder for value. Brewster v. Shrader, 26 Misc. 480; Brooks v. Sullivan, 129 N. C. 190; Graham v. Smith (Mich.), 118 N. W. 727; Payne v. Zel, 98 Va. 294; In re Hopper-Morgan Co., 154 Fed. 262; Voss v. Chamberlain, 117 N. W. 871; Mersick v. Alderman, 77 Conn. 634; Petrie v. Miller, 57 App. Div. 17; Mindlin v. Appelbaum, 114 N. Y. Sup. 908. (4) When the evidence is all one way as in this case it is the duty of the court to direct a verdict, and under the undisputed evidence in this case a verdict should have been directed for plaintiff, and the court erred in overruling plaintiff's motion for a peremptory instruction. Milligan v. Fritts, 125 S. W. 1101; Knorff v. Wagner, 195 Mo. 662.

*Robertson & Robertson* for respondent.

A negotiable note transferred before maturity merely as collateral security for a pre-existing debt is subject to all the equities existing between the original parties. Loewen v. Forsee, 137 Mo. 29; Wright v. Trust Company, 129 S. W. 407; Johnson v. Grayson, 130 S. W. 673.

NORTONI, J.—This is a suit on a promissory note. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

The question for decision arises under our Negotiable Instrument Law, adopted in 1905, and relates alone to the sufficiency of an existing antecedent indebtedness as consideration for the transfer of a negotiable promisory note before maturity, merely as collateral security, to render such note, in the hands of the holder thereof, immune against equities which subsist between the original parties thereto.

Defendant Morris, on May 3, 1906, executed and delivered to one E. A. P. Haynes, a life insurance agent, his negotiable promissory note for $212, due six months after date, with interest from maturity at the rate of six per cent per annum. On its face, the note recites it was given for value received and is negotiable and payable without defalcation or discount. A few days after the execution of the note and long before its maturity, Haynes, the payee thereof, assigned the same to plaintiff bank as collateral security for a pre-existing indebtedness which he had owed to the bank for about six months. The indebtedness for which the transfer as collateral was made exceeds by far the amount of the note in suit and is both due and unpaid. Plaintiff instituted this suit on the note, which had been so assigned to it as collateral by Haynes to his pre-existing debt, and defendant, notwithstanding its assignment to plaintiff before maturity, was permitted to show a total want

of consideration for the note in the first instance. Whatever the equities may be between the original parties to this note, the case concedes that plaintiff bank was wholly without knowledge thereof at the time the note was assigned to it and plaintiff is a holder in good faith for value, unless the law alone affixes a status to the contrary. The proof on the part of defendant is, that the note was given to Haynes for a life insurance policy which was never issued, as defendant's application was rejected for the reason, it is said, he was an unsound risk. The court declared the law and found the issue for defendant as though plaintiff was not a holder of the note for value in due course in the circumstances stated, and disposed of the case on the theory that the equities and defenses available to defendant as against Haynes were equally so as to this plaintiff, for the reason the antecedent indebtedness for which the note was accepted by it as collateral afforded no sufficient consideration to render the transaction one in due course. Though the rule of decision has always prevailed in this state to the effect that one who accepts a negotiable promissory note in good faith before maturity, in consideration of the satisfaction of an antecedent debt, is regarded a purchaser for value and in due course, as was decided in Fitzgerald v. Barker, 96 Mo. 661, 10 S. W. 45, the converse of that doctrine has obtained from an early date with respect to such notes accepted merely as collateral security for a pre-existing indebtedness. In the early case of Goodman v. Simonds, 19 Mo. 106, the court declared that a party to whom negotiable paper is transferred merely as collateral for a pre-existing debt will hold it subject to all the equities existing between the original parties and, notwithstanding the weight of authority to the contrary, the rule has been reasserted in proper circumstances almost, if not quite, to the date of the adoption of our Negotiable Instrument Law in 1905, as will appear by reference to the following recent cases in point: Loewen v. Forsee,

137 Mo. 29, 38 S. W. 712; Johnson v. Grayson, 230 Mo. 380, 130 S. W. 673. But it is entirely clear the Legislature intended to change this rule when it enacted the Negotiable Instrument Law, to be found in the Laws of Missouri 1905, p. 243 [See sections 24, 25, 26, 27, 28, Laws of Missouri, 1905, p. 247]; and the note in suit was made since that enactment. The Negotiable Instrument Law has been carried forward into the revision of 1909 and is chapter 86 thereof. [Sections 24, 25, 26, 27 and 28 of the Acts of 1905 are now secs. 9995, 9996, 9997, 9998, 9999, R. S. 1909.] Some of the provisions of those sections are more or less relevant here and we therefore incorporate them in the opinion. The statutes referred to are as follows:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Sec. 9995, R. S. 1909.

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such, whether the instrument is payable on demand or at a future time." Sec. 9996, R. S. 1909.

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time." Sec. 9997, R. S. 1909.

"Where the holder has a lien on an instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien." Sec. 9998, R. S. 1909.

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise." Sec. 9999, R. S. 1909.

Though prior decisions denied that one who, in good faith before maturity, accepted a negotiable note as collateral security for a pre-existing debt did so in due course, so as to preclude the pressing of equities against him which obtained between the original parties, the doctrine predicated upon the essential proposition that such pre-existing debt constituted no consideration for the transaction as nothing was given in return for the pledge at the time. In Goodman v. Simonds, 19 Mo. 106, 117, the court particularly animadverts upon the fact that the creditor in such circumstances gives nothing for the note and risks nothing for it at the time. It represents him as an anxious person, reaching out to obtain any security which he may for his prior existing debt; and because there is no present consideration, the court says: "Common sense and common honesty unite in saying he shall take it, with the defenses the other parties have against it in the hands of the orginal holder and party." That the Negotiable Instrument Law overturns and sweeps away the entire predicate of the prior doctrine is obvious, for besides recognizing value as consideration, it in express terms declares that an antecedent or pre-existing debt constitutes value. Section 25 of that enactment touching on this question is as follows:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such, whether the instrument is payable on demand or at a future time." Sec. 25 of Laws of Missouri, 1905, p. 247; same as Sec. 9996, R. S. 1909.

Under this section, it is suggested for defendant that as a pre-existing debt was always sufficient in this state as a valuable consideration for the transfer of a negotiable promissory note before maturity to render the transaction one in due course, if it operated payment of the pre-existing debt, the Legislature intended no more than to recognize and declare the existing law

on the subject, without extending the rule to the transfer of such instruments for mere collateral security to a pre-existing debt.　This argument is manifestly unsound, however, when we consider other provisions of the statutes especially designed with respect to one holding a negotiable instrument as collateral, in which circumstances, of course, a lien thereon obtaines in his favor.　Sec. 27 of the Act is as follows:

"Where the holder has a lien on an instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien." Sec. 27, Laws of Missouri, 1905, p. 247; same as sec. 9998, R. S. 1909.

By the express terms of this statute, the plaintiff, holder of the note in suit, who has a lien thereon incident to its collateral pledge is declared to be a holder for value to the extent of his lien.　Both the language and the intent of the two sections last quoted, when considered together, are entirely clear to the effect that a pre-existing debt is value, in the sense of the law, sufficient to afford a consideration for a subsequent transfer of a note before maturity as collateral, so as to accord it the immunities which usually attend the transfer of commercial paper in due course.

That the defense of absence or failure of consideration is not available against a holder of a negotiable instrument in due course is beyond question.　Such is the purport of the statute, supra.　[Sec. 28, Neg. Inst. Law, sec. 9999, R. S. 1909.]　A holder in due course is thus defined in section 52, Laws of Missouri, 1905, p. 249, section 10022, Revised Statutes 1909:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and

for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The case concedes plaintiff's good faith and that it received the note before maturity. This being true, so far, then, as important here, this statute declares plaintiff a holder in due course if he took the note for value, and, besides, sec. 25 of the Negotiable Instrument Law, section 9996, Revised Statutes 1909, declaring that a pre-existing debt constitutes value, section 27 of the Negotiable Instrument Law, section 9998, Revised Statutes 1909, reckons with the matter on the basis of a pre-existing debt as sufficient consideration, when it declares a lien-holder on the instrument therefor shall be deemed a holder for value to the extent of his lien. That the Legislature intended by the Negotiable Instrument Law to change the prior rule of decision on the question in judgment here is so clear that it ought not to be questioned is the opinion given by the Circuit Court of the United States for the Eastern District of Pennsylvania, on considering the Missouri Statutes, as will appear by reference to Trust Company of St. Louis County v. Markee, 179 Fed. 764. Mr. John J. Crawford of the New York Bar, who is the author of the Negotiable Instrument Statutes, in the third edition of his annotations thereon says, on page 42, in discussing the New York statutes, identical with ours except for the numbers of the sections:

"When its provisions are considered together with the provisions of section fifty-one" (That is sec. 25, Laws of Missouri, 1905, p. 247, sec. 9996, R. S. 1909) "the intent seems to be clear. The holder, who has taken the paper as collateral security, very plainly has a lien upon it, and, therefore, is within the terms of section fifty-three." (That is sec. 27, Laws of Missouri, 1905, p. 247, sec. 9997, R. S. 1909.) "The only question then is, whether he must be excluded from the operation of this section merely because his lien was acquired for an

antecedent indebtedness. But as the statute in another place expressly declares that 'an antecedent or pre-existing debt constitutes value,' " (Sec. 51.) (That is sec. 25, Laws of Missouri, 1905, p. 247, sec. 9996, R. S. 1909), "there is no warrant for reading any such exception into the section."

Mr. Ogden, in his work on Negotiable Instruments says:

"It is now settled in those states which have adopted the act that a note transferred before maturity to a holder in due course, as collateral security for a pre-existing debt, is transferred for value, and the holder takes it free from defenses or set-offs existing between the original parties." Sec. 128, pp. 115, 116.

So far as we have been able to ascertain, in every state where the Negotiable Instrument Law is in force and the question here involved has been in judgment, the courts have declared the effect of the statute as above set forth and this, too, notwithstanding the fact that the prior rule of decision supported the contrary view, as in this state.

In North Carolina, the rule formerly prevailed as here, but the Supreme Court of that state, in Brooks v. Sullivan, 129 N. C. 190, adjudged the provisions of the Negotiable Instrument Law above pointed out changed it so as to render the holder of a negotiable note for the mere purpose of collateral security to a pre-existing debt as one in due course. To the same effect is the case of Brewster v. Shrader, 26 Misc. (N. Y.) 480, though the rule of decision prevailed in that state prior to the adoption of the Negotiable Instrument Law identically as with us. The same is true as to Michigan, which was one of the states where the court adhered to the same rule as that in Missouri prior to the Negotiable Instrument Law. But after the adoption of that law, the Supreme Court of the state interpreted it as above pointed out. [See Graham v. Smith (Mich.), 118 N. W. 726.] Other authorities directly in point and

sustaining the view that an existing antecedent debt. affords sufficient consideration under the Negotiable Instrument Law to render one who accepts a negotiable note before maturity as collateral security for such pre-existing debt a holder in due course as for value are as follows: Campbell v. Fourth Natl. Bank (Ky. Ct. App.), 126 S. W. 114; Voss v. Chamberlain (Iowa), 117 N. W. 269; Payne v. Zell, 98 Va. 294; In re Hopper-Morgan Co., 154 Fed. 249.

Because the court received the evidence of want of consideration between the original parties and disposed of the case as though plaintiff was not a holder of the instrument in due course, the judgment will be reversed. But as there appears to be no valid defense and the parties have stipulated the amount plaintiff is entitled to recover in the event a reversal of the judgment is had, we will enter judgment here for the amount of the note and interest agreed upon, to-wit, $273.85, together with costs of the suit and appeal. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.