F. M. SIKES, RESPONDENT, v. E. A. RIGA, DEFENDANT, J. N. CHANEY, CLAIMANT, APPELLANT.*

In the Springfield Court of Appeals. August 13, 1927.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 696, n. 7; p. 764, n. 76, 80; Chattel Mortgages, 11CJ, p. 451, n. 57; p. 472, n. 4, 5; p. 542, n. 78; Evidence, 22CJ, p. 972, n. 46; Executions, 23CJ, p. 507, n. 58; Fraudulent Conveyances 27CJ, p. 534, n. 44; p. 621, n. 48.

*M. E. Montgomery* and *M. G. Gresham* for appellant.

*H. C. Blanton* for respondent.

BAILEY, J.—Action to try the right, title and interest of claimant to certain personal property seized by the sheriff of New Madrid county by virtue of an execution issued to satisfy a judgment of plaintiff against E. A. Riga. The issues were made as provided by sections 1635 and 1636, Revised Statutes 1919, and no question arises on the pleadings. The trial court sustained a demurrer to the evidence and claimant, J. N. Chaney, has appealed from the judgment in favor of plaintiff.

The facts are substantially as follows: Plaintiff was a general creditor of defendant E. A. Riga and obtained a judgment against him in January, 1925. An execution was issued upon said judgment and placed in the hands of the sheriff, who made a levy on the personal property in controversy, July 26, 1925. J. N. Chaney, hereinafter referred to as claimant, was the father-in-law of defendant, E. A. Riga, and had signed the latter's notes for sums aggregating $1000 or more, which claimant had been compelled to pay. Thereafter, on August 1, 1923, for the purpose of evidencing the indebtedness of defendant to claimant, defendant executed a promissory note for $1000 payable on demand to the order of claimant. This note was unsecured and bore no credits. December 1, 1924, defendant executed a chattel mortgage to plaintiff conveying certain personal property described as follows: ''One pure bred Boar Barrington Burns Jr., ten brood sows and all increase, fifteen head milk cows, ten head calves, one Fordson tractor, disc and plows, hay baler. All my household and kitchen furniture of all description.

''Property located on the Chaney farm in New Madrid county, Missouri.''

The mortgage recites that it was given to secure the note of date, August 1, 1923. Thereafter, on June 22, 1925, defendant Riga exe-

cuted a chattel mortgage to claimant to secure the same note above described, said mortgage covering certain growing crops, which need not be further described since no question is made as to the sufficiency of the description in the latter mortgage. This mortgage also contained the following clause: "This conveyance is made as additional security for the payment of a promissory note of grantor herein to grantee herein for $1000 with eight per cent interest from date, and dated August 1, 1923, and due on demand, and is in consideration of the agreement of payee of said note extending the time of payment thereof to September 1, 1925, in addition to the consideration above set out."

The evidence tends to show that claimant had no knowledge 'of the execution of either of the foregoing chattel mortgages until after they were executed, although there is some evidence that the matter was discussed between defendant and claimant and that defendant had agreed sometime before the mortgages were given that he would secure claimant for his indebtedness to him. Under the view we take of this case it seems unnecessary to set out this testimony in detail. It also appears that, although the chattel mortgages were offered in evidence, there was no separate offer of the filing marks or any other positive proof of recording or filing of the instrument in the Recorder's office.

In passing on the question of the propriety of the court's action in sustaining the demurrer to the evidence, claimant's evidence must be taken as true and he is entitled to all favorable inferences that may be drawn therefrom. [Cusack Co. v. Lubrite Mfg. Co., 261 S. W. 727.] With this rule in mind we shall consider the three points raised on this appeal i. e., (a) Is a pre-existing debt a good consideration for a chattel mortgage as against a general creditor where no new consideration is received at the time of the execution of the chattel mortgage? (b) Does the description in the first chattel mortgage herein, sufficiently describe the property? (c) Did the introduction of the chattel mortgages in evidence carry with them proof of their filing in the Recorder's office shown by the certificate of the Recorder on the back thereof?

(a) It is claimant's contention that a debtor has a right to prefer a creditor by giving a chattel mortgage or by any other suitable means, to the exclusion of all others. Ample authority is cited in support of that proposition. [Jeffrey v. Mathews, 120 Mo. 317, 25 S. W. 187; Schroeder v. Bobbitt, 108 Mo. 289, 18 S. W. 1093; Kingman & Co. v. Cornell et al., 150 Mo. 282, 51 S. W. 727; Bangs Milling Co. v. Burns, 152 Mo. 350, 53 S. W. 923; Monsur Imp. Co. v. Ritchie, 143 Mo. 587, 45 S. W. 634; National Bank of Adrian v. Allison, 251 S. W. 475.] On the other hand, plaintiff contends that where no new consideration is received at the time of the execu-

tion of a chattel mortgage to secure a pre-existing debt, the mortgage is invalid as to third parties, citing Dry Goods Co. v. Bank, 81 Mo. App. 281; Hume v. Eagon, 83 Mo. App. 576; Bell v. Bell, 133 Mo. App. 570, 113 S. W. 667; Plow Works v. Ross & Co., 74 Mo. App. 437. The latter cases of course, do not go to the extent of holding a chattel mortgage void as between the parties because based on no new consideration. In the Dry Goods Company case it was held that "a transfer of personal property as a security for a pre-existing debt does not render the transferee a bona-fide purchaser for value, since the creditor parts with no value, surrenders no right and places him-self in no worse legal position than before." That was a case to recover goods sold under a mistake of fact and it was further held the mortgagee was not in a position to invoke the rule protecting in-nocent purchasers for value. A contrary rule seems to be announced in Splint v. Sullivan, 58 Mo. App. 582, which upholds a mortgage given to secure pre-existing debts as a preference against other creditors. In the Hume case (supra) it was held that a chattel mortgage, given to secure a note past due and subject to a prior mortgage, and where no extension of time or other new consideration was given, was invalid. The authorities cited in the opinion do not support the rule as broadly stated. The Bell case (supra) holds that the securing of a pre-existing debt without other consideration will not support a mortgage given on land by a married woman to se-cure the debt of her husband. The Plow Works case (supra) holds that a chattel mortgage given to secure a pre-existing debt, without other consideration, does not render the mortgagee a purchaser for value.

The true rule, according to the weight of authority, is that a pre-existing debt constitutes a good consideration for a chattel mortgage but not a valuable consideration and, therefore, the mortgagee takes the property subject to such equities as might be asserted against his grantor. [Cass County Bank v. Hulen, 195 S. W. 74.] We have found no decisions in this State dealing with this proposition from the standpoint of the change in the law as to promissory notes brought about by the adoption of the negotiable instruments law, wherein an antecedent debt is made a valuable consideration for a promissory note, as distinguished from a good consideration. [Sec. 812, R. S. 1919; Bank v. Morris, 156 Mo. App. 43, 135 S. W. 1008.] If such consideration is a valuable one as to a promissory note, it logically follows, we think, that it should also be construed as a valuable consideration for the giving of a chattel mortgage. The law in this State has always been that a consideration which would sup-port a promissory note would likewise support a chattel mortgage. [Napa Valley Wine Co. v. Rinehart, 42 Mo. App. 171, 1. c. 180.] If claimant in this case, had taken a new note for the pre-existing debt, although there may have been no other consideration, that

consideration would have been sufficient to have constituted him a bona-fide holder for value. What difference should it make that the claimant did not take a new note but simply a chattel mortgage to secure a note already given? We can discover no sound reason for a distinction. But regardless of that proposition, the mortgage in this case was supported at least by a good consideration and since plaintiff was a general creditor only, at the time the chattel mortgages were executed, having no existing equity, the mortgage of claimant, if recorded prior to the levy of execution on plaintiff's judgment was a superior equity or lien. [Corning & Co. v. Rinehart Medicine Co., 46 Mo. App. 16; Cass Co-Bank v. Hulen (supra), 5 R. C. L. 420; Knowles Loom Works v. Vacher, 57 N. J. L. 490, 33 L. R. A. 305 (Annotated); Collerd v. Tulley, 78 N. J. L. Ann. Cas. 1912-C, p. 78, (Annotated).] It is our opinion, under the authorities, the chattel mortgages in question were not, as a matter of law, void as to creditors for want of consideration.

(b) The sufficiency of the description in the first chattel mortgage is questioned. The rule is that where a chattel mortgage contains a description which would enable a third party, by its aid, together with such inquiries as the instrument itself suggests, to identify the property, the description is sufficient. It then becomes a question of fact for the jury. [White v. Meiderhoff, 281 S. W. 101, l. c. 102.] The description heretofore set forth is aided by the words "Property located on the Chaney farm in New Madrid county." There was evidence that the Chaney farm was well known and had been in the family for about thirty-five years; that the property conveyed constituted all the hogs, milk cows, calves and other property possessed by defendant and that this particular property was in his possession on the Chaney farm at the time the mortgage was given and remained in his possession until the levy was made, without change. We believe the sufficiency of the description was a question for the jury. [Cook v. Wheeler, 218 S. W. 929; Estes v. Springer, 47 Mo. App. 99; Bank of Mexico v. Ragesdale, 158 Mo. 668, 59 S. W. 987.]

(c) It is urged there was no evidence that the chattel mortgages were recorded. If not recorded prior to the levy the mortgages then would not be entitled to priority. The record shows that the two mortgages were offered in evidence, the offer being in language as follows: "Claimant next introduced in evidence, claimant's exhibit 'F,' being a chattel mortgage given by Earl Riga to J. N. Chaney on a part of the property in question and under which claimant makes his claim to said property, being as follows:" It is plaintiff's contention that the introduction of the mortgages in evidence did not carry with them the certificate of the Recorder on the back thereof, showing the recording or filing of the instruments. The rule in Nebraska seems to be that unless the offer is sufficiently broad to

cover the indorsements on the back of an instrument the introduction of the instrument in evidence does not carry with it such indorsements. [Comstock v. Kerwin, 57 Nebr. 1, 77 N. W. 387; Levy v. Cunningham, 56, Nebr. 348, 76 N. W. 882; Shawnee State Bank v. Vansyckle, 189 N. W. 607, and other cases cited by defendant.] In Noll v. Keneally, 37 Neb. 879, 56 N. W. 722, it was held that the mere offer of a recorded instrument in evidence does not include the filing certificate endorsed thereon by the recording officer. The general rule in this State is that where a written instrument is offered in evidence the whole contents thereof is in evidence. [Box Co. v. Danciger, 161 Mo. App. 640, 143 S. W. 855; Boulard v. Clark, 19 Mo. 570.]

But regardless of that rule, we think it may reasonably be inferred from the evidence that the mortgages were recorded. Claimant alleges the recording thereof in his petition, giving the date. Plaintiff's answer denies that plaintiff has a valid claim, but alleges the title of claimant is the result of a fraudulent conveyance made without consideration. Under the pleadings we doubt if the allegation as to recording contained in the petition was put in issue. It further appears that no objection whatever was made to the introduction of the chattel mortgages in evidence. Under the provisions of section 2256, Revised Statutes 1919, an unrecorded chattel mortgage, where the mortgagor retains possession, is invalid as to all persons other than the parties thereto. Therefore, in the absence of objection to the introduction of the instruments in evidence, and on a question of a demurrer to the evidence, we think claimant would be entitled to the inference that the mortgages were recorded as in the petition alleged. Moreover, no issue of the kind was raised at the trial and the cross-examination of claimant's witnesses practically concedes the recording of the mortgages. The point raised is of course highly technical. That they were recorded is clear and the demurrer to the evidence should not be sustained on any such theory.

We therefore hold that a case was made for the jury and the judgment should be reversed and the cause remanded for new trial. It is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.